EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ANA CECILIA SOSTRE COLÓN, acusada y apelante.

*Núms.* CR-62-111, CR-62-112, CR-62-113.   *Res.* Novbre. 5, 1962

*José Rafael Gelpí,* abogado de la apelante; *J. B. Fernández
Badillo, Procurador General,* y *Rodolfo Cruz Contreras,
Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Presidente Señor Negrón Fernández
y los Jueces Asociados Señores Blanco Lugo y Ramírez
Bages.

PER CURIAM: La apelante fue acusada de seis infracciones a la sección 4 de la Ley Núm. 220 de 15 de mayo de 1948, 33 L.P.R.A. sec. 1250, consistentes en que tenía en su poder listas de papel conteniendo números de tres cifras seguidos de guión y otro número a la derecha.   Se le declaró convicta de las infracciones cometidas en 12 y 26 de septiembre y 10 de octubre de 1959, y fue sentenciada a una pena de seis meses de cárcel para ser cumplidas en forma concurrente.

Apunta como único error la negativa del tribunal de instancia a concederle juicio por jurado en los casos relacionados con las infracciones de 26 de septiembre y 10 de octubre fundándose en que la sección 4 dispone, después de describir el delito, que "convicta que fuere [la persona acusada], será castigada con pena de cárcel que no será menor de seis (6) meses ni mayor de dos (2) años; y por la segunda y subsiguientes infracciones será castigada con pena de presidio no menor de un (1) año ni mayor de diez (10) años." No le asiste la razón. Al momento de radicarse las acusaciones la acusada no había sido convicta de infracción alguna anterior, y, por tanto, el fiscal actuó correctamente al imputarle la comisión de delitos menos graves. No basta con que se haya cometido la infracción, es necesario que exista una previa convicción. La falacia del señalamiento puede apreciarse mejor si consideráramos la posibilidad de que la acusada hubiese sido absuelta de las primeras cinco acusaciones. ¿Podría acaso declarársele culpable del delito grave provisto en la sección 4 si el tribunal estimaba únicamente establecidos los hechos imputados en la sexta infracción? Además, de nada puede quejarse la apelante ya que habiéndosele impuesto las penas para ser cumplidas en forma concurrente, para todos los efectos prácticos ha sido convicta de una sola infracción menos grave.

*Se confirmarán las sentencias dictadas por el Tribunal Superior, Sala de Bayamón, en 31 de marzo de 1960.*