EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR L. MARTÍNEZ RÍOS, acusado y apelante.

*Números:* CR-62-249, CR-62-250        *Resueltos:* 28 de octubre de 1963

*Eduardo Negrón Rodríguez,* abogado designado por el Tribunal Supremo para ofrecer en apelación asistencia legal al apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El apelante Héctor L. Martínez Ríos fue acusado y convicto de los delitos de posesión de heroína y de la venta de dicha droga, y fue sentenciado a cumplir la pena de reclusión de 7 a 12 años con respecto al primer delito y de 5 a 10 años

con respecto al segundo. Señala como error el haber sido sentenciado por la comisión de dos delitos cuando la prueba presentada solamente estableció la comisión de un solo delito.

No se incurrió en el error apuntado por las siguientes razones:

1) Las disposiciones del Art. 29 de la Ley de Narcóticos (24 L.P.R.A. sec. 974z) claramente demuestran que el legislador se propuso castigar tres situaciones distintas, es decir, la "tenencia, posesión, traspaso, uso, aplicación, prescripción, manufactura, preparación", o sea, en este caso específico la posesión; luego la "transferencia o recibo", o sea, la venta; y por último "la introducción, la ocultación y la transportación." El Art. 55 de la referida ley (24 L.P.R.A. sec. 976g) corrobora esta conclusión al dar un trato separado y distinto a la posesión y a la venta al decretar que las disposiciones sobre sentencia suspendida y libertad condicional o a prueba no son aplicables al convicto del delito de venta, y sin embargo, lo son al convicto de la posesión de drogas cubiertas por dicha ley. ([1])

2) El hecho que ambos delitos se incorporen en un solo artículo no es determinante de que el legislador tuvo la intención de crear un solo delito. En *Pueblo* v. *Díaz*, 71 D.P.R. 505 (1950), resolvimos lo contrario al interpretar el Art. 21 de la Ley de Espíritus y Bebidas Alcohólicas (13 L.P.R.A. sec. 1574). *Albrecht* v. *United States*, 273 U.S. 1 (1927).

3) En la jurisdicción federal, de donde proviene el estatuto

---

([1]) En *Pueblo* v. *Arroyo*, sentencia de 26 de junio de 1963 *(Per Curiam)*, confirmamos por otros fundamentos tres sentencias condenando a *Arroyo* por tres infracciones a la Ley de Narcóticos, *supra*, de las cuales fue acusado y convicto, consistentes en que tenía en su posesión, vendió y ocultó y transportó heroína. Dichos cargos fueron incluidos en una sola acusación. Se le sentenció a reclusión de 5 a 10 años, con respecto a cada delito. La prueba consistió del testimonio de un agente especial al efecto que en determinada fecha, sitio y hora vio a un confidente solicitar que el apelante le vendiera un bolso de "estofa"; que éste sacó un bolso de su pantalón y lo entregó al confidente previo pago de $5; que luego el confidente en presencia del acusado entregó el bolso al testigo; y que el contenido del bolso consistía de heroína.

bajo consideración, se ha resuelto que una sola venta puede comprender más de un delito en casos como éste donde la prueba de la posesión era distinta de la prueba de la venta. En *Harris* v. *United States*, 359 U.S. 19 (1959), el peticionario fue acusado y convicto de comprar heroína de un paquete no sellado en violación de un estatuto federal y de recibir y esconder la misma en violación de otro estatuto federal y fue sentenciado a distintas penas por cada delito. La prueba en cuanto a ambos delitos consistió del narcótico no sellado y de testimonio de que el peticionario lo poseía. Se alegó como error que no se podían imponer sentencias acumulativas. Se confirmaron las sentencias de conformidad con el caso de *Gore* v. *United States*, 357 U.S. 386 (1958) que a su vez reafirmó la doctrina establecida en *Blockburger* v. *United States*, 284 U.S. 299 (1932). En este último caso se radicó acusación contra Blockburger consistente de tres cargos, dos por ventas de morfina no hechas del paquete original y el otro por haber hecho una venta de dicha droga sin orden escrita del comprador como lo exige la ley. Convicto y sentenciado a cinco años de prisión y a pagar una multa de $2,000 con respecto a cada uno de los tres delitos, apuntó en apelación que las dos primeras ventas fueron hechas a la misma persona y, por lo tanto, constituyen una sola infracción y que la segunda y la tercera también constituyen una sola infracción. Se resolvió que cada transacción era una venta separada y distinta y cada una constituía un delito separado; que la Ley de Narcóticos, en adición a constituir las primeras dos ventas como delito, también proveyó que transacciones de la índole de la tercera venta constituyen delito; que aunque hubo una sola venta, en cuanto a la segunda y la tercera, se violaron dos disposiciones del estatuto, requiriéndose prueba de un elemento distinto en cada caso; que carecía de mérito la contención de que el lenguaje de la sección penal de la Ley de Narcóticos al efecto de que "cualquier persona que viole o deje de cumplir con cualquier requisito de esta ley" será condenado, etc.,

debe interpretarse en el sentido de imponer una sola penalidad por la violación de los distintos requisitos del estatuto; y que el significado claro de tal disposición es que cada violación conlleva la penalidad prescrita. *Pueblo* v. *Adorno*, 81 D.P.R. 518, 537 (1959).

4) Carece de mérito el planteamiento que, de acuerdo con el Art. 33 de la Ley de Barbitúricos y Otras Drogas Peligrosas (24 L.P.R.A. sec. 974(dd)) "si la venta o traspaso de la heroína constituyen dos delitos, hubiera procedido que el juez sentenciador le hubiera impuesto al apelante, por el 2do delito" la pena de 10 años a un máximo de 40 que prescribe el referido Art. 33, y que el no haberlo hecho es indicativo de que se trata de un solo delito. En el caso de *Pueblo* v. *Sostre*, 86 D.P.R. 355 (1962), concluimos que en un caso como éste, para que una disposición como la del referido Art. 33 sea aplicable, es necesario que exista una previa convicción; no habiéndose aducido prueba al efecto en este caso el tribunal sentenciador no estaba en condiciones de sentenciar en la forma previamente indicada.

5) El hecho que el referido Art. 33 disponga que el que "viole cualesquiera de las disposiciones de los Arts. 29 al 32 será culpable de un delito grave", de por sí no puede limitar ni modificar las disposiciones del Art. 29 que proveen no uno, sino tres distintos delitos, según previamente señalamos, de manera que la comisión de cualquiera de ellos conlleva la imposición de una o más de las penalidades prescritas por el Art. 33 previamente citado. *Blockburger* v. *United States*, supra.

*Por los motivos consignados, se confirmará la sentencia apelada.*