**EL PUEBLO DE PUERTO RICO,** demandante y apelado *v.* **RICARDO RODRÍGUEZ GONZÁLEZ,** acusado y apelante.

*Número:* CR-71-53          *Resuelto:* 4 de enero de 1973

*Rolando Emmanuelli Sepúlveda,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Magda E. Haidar, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: En el proceso de seleccionar el jurado que intervino en el juicio del apelante surgieron dos incidentes que se alegan macularon el juicio justo que garantiza la Constitución de Puerto Rico. Pasamos de inmediato a relatarlos.

Al ser interrogados los jurados para determinar su idoneidad uno de ellos manifestó: "Yo he sido jurado en un caso de drogas contra este señor." La defensa planteó al juez que esta manifestación afectaba adversamente al acusado y éste transmitió la siguiente instrucción:

"HON. JUEZ:

Sin embargo este acusado nunca ha sido aquí acusado. Eso quiere decir que a lo mejor la información que ha dado el Señor Jurado, no tiene base. En nada pueden Uds., Señores del Jurado, considerar los hechos que ha relatado el Jurado aquí al declarar . . . o sea, para nada pueden considerarla, los demás Jurados, la referencia de este señor Jurado, sin base. Máxime, cuando se ha decretado, cuando se ha dicho, que nunca ha sido acusado por este delito. Este año, tampoco durante el año pasado, por lo que no deben tomarla en consideración, porque puede ser una confusión en la mente del señor Ulpiano Torres."

La defensa recusó perentoriamente al jurado.

Pasamos al otro incidente. Se llamaron tres jurados adicionales. Uno de ellos de nombre Víctor Roubert Jiménez. Se le preguntó si había sido jurado anteriormente y contestó en la afirmativa. Surgieron las siguientes preguntas:

"¿Ha intervenido en casos de narcóticos?
Sí, señor.

¿Está Ud. en condiciones de actuar en el día de hoy como Jurado y rendir un veredicto justo e imparcial de acuerdo con la prueba que desfile en el día de hoy única y exclusivamente?

Sí, señor.

"¿Ha intervenido en casos de narcóticos?

Si, senor. En el '65 y en el '66.

Les pregunto a todos: ¿si alguno de ustedes tiene algún problema que les impida actuar en el día de hoy con tranquilidad y serenidad?

SEÑORES DEL JURADO:

(No hay contestación)."

Nada más ocurrió en cuanto a este jurado. Luego de convicto, el apelante presentó moción de nuevo juicio fundado en que el jurado Víctor Roubert Jiménez había actuado de jurado en un caso anterior en su contra por infringir las disposiciones de la Ley de Armas. Es necesario apuntar que el abogado que representó al acusado en el primer caso fue el mismo que intervino en el segundo. El nuevo juicio fue denegado.

■ El primer incidente no tuvo consecuencia adversa al apelante. Las oportunas actuaciones del juez curaron cualquier perjuicio que el mismo pudo haberle ocasionado.

■ En cuanto al segundo incidente el hecho de que el jurado Víctor Roubert Jiménez hubiera intervenido en otro caso por otros hechos contra el apelante de por sí no establece que no tuviera un juicio imparcial. La circunstancia de que fue el mismo abogado el que defendió al apelante en ambos casos tiene gran relevancia, pues tuvo la oportunidad de recusarlo, en el segundo.

■ La regla aceptada en las jurisdicciones americanas es al efecto de que el hecho de que un jurado haya actuado en un caso anterior contra el acusado por otros hechos, no incapacita al jurado para actuar en el segundo caso. *Jones* v. *State*, 234 A.2d 900–901 (Md. 1967); Anotación 6 A.L.R. 3d 519–546 (1966). Sostienen que en ausencia de prueba específica de

4

perjuicio, no puede presumirse que un jurado ha sido parcial. Y en este caso no se presentó prueba en ese sentido.

■ Por último ataca el apelante la apreciación de la prueba. Sostiene que la declaración de los agentes que intervinieron en el caso es una estereotipada; que es una repetición de la prestada en otros casos. Afirma además, que uno de los agentes que intervino enamoraba a su esposa y al desairarlo fabricó un caso contra él. La esposa declaró relatando las veces que había sido cortejada por el agente manifestando que después de arrestado su esposo le manifestó que éste podía arreglar su caso si ella salía con el agente.

El jurado consideró toda esta prueba, incluyendo las declaraciones prestadas por el agente en otros casos de drogas (ocho en total) y lo declaró culpable. Siendo una cuestión llana y escueta de credibilidad, no estamos justificados en alterar la determinación de los jueces que vieron y oyeron a los testigos.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Ponce en 10 de febrero de 1969.*