Luis Roberto Figueroa Méndez, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Gerardo Carreira Más, Juez, demandado.

*Número:* O-73-257      *Resuelto:* 4 de enero de 1974

*Luis Roberto Figueroa Méndez,* por derecho propio; *Dora Nevárez de Pagán,* abogada del peticionario; *Myriam Naveira de Rodón, Procuradora General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados del demandado.

PER CURIAM: El peticionario se declaró culpable de posesión y transportación de heroína, ante el Tribunal Superior, Sala de San Juan, el 10 de marzo de 1971 y fue sentenciado el 8 de abril de 1971, a una pena indeterminada de 5 a 7 años de presidio con trabajos forzados en cada caso, a cumplirse concurrentemente entre sí. Dicha sentencia era firme a la fecha que entró a regir la nueva Ley de Sustancias Controladas. Solicita ante este Tribunal en un escrito titulado "*certiorari*", entre otras cosas, que se le modifique la sentencia impuesta por o bajo la anterior Ley de Drogas, y se le sentencie bajo las disposiciones de la nueva Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971 (24 L.P.R.A. secs. 2101 *et seq.* (suplemento 1973)) y que establece penas más bajas en casos en que no esté envuelta la venta o traspaso de drogas, 24 L.P.R.A. sec. 2602.

Las disposiciones aplicables de la nueva Ley de Sustancias Controladas comenzaron a regir el 23 de junio de 1971 disponiéndose en su Art. 602 inciso (a) que:

"(a) Las acusaciones pendientes por cualquier violación a las leyes o partes de leyes derogadas por este Capítulo, que ocurra con anterioridad a la fecha de vigencia del mismo se seguirá tramitando bajo la ley vigente al momento de haberse cometido la susodicha violación. Si la violación por la cual se ha acusado es similar a las que se incluyen en este Capítulo, se aplicarán las penalidades dispuestas por este Capítulo, si éstas son menores que las penalidades bajo la legislación anterior." 24 L.P.R.A. 2602(a).

■ Surge claramente que al peticionario no le aplican las disposiciones de esta nueva ley, la sentencia dictada era firme y por tanto no estaba pendiente la acusación. Inadvertidamente resolvimos lo contrario en *Hernández* v. *Tribunal Superior*, O-73-125, Sentencia de 10 de agosto de 1973, citado por el peticionario.

Conscientes de dicho error, el 28 de noviembre de 1973, en el caso de *Manuel Estrella Rosario* v. *Tribunal Superior*, O-73-438, mediante Resolución le dimos un no ha lugar a un *certiorari* donde el peticionario al igual que en este caso, solicitaba se le modificara su sentencia a tenor con la nueva Ley de Sustancias Controladas, aun cuando fue sentenciado con anterioridad a dicha ley, siendo dicha sentencia firme, por no estar en proceso de apelación. Al negarnos a expedir el auto expresamos: "Habiendo sido sentenciado el peticionario el 17 de noviembre de 1970, siendo la fecha de efectividad del Artículo 404 de la Ley de Sustancias Controladas la de 23 de junio de 1971 (24 L.P.R.A. sec. 2404) y no habiendo estado para dicha fecha pendiente la acusación en este caso, [por ser firme la sentencia] no es de aplicación dicho Artículo 404. (24 L.P.R.A. sec. 2602 (a))." Consistentemente antes y después de nuestra resolución en el caso de *Hernández* v. *Tribunal Superior*, supra, hemos aplicado las disposiciones de los Arts. 602(a) y 404 de la Ley de Sustancias Controladas sólo en aquellos casos en que las acusaciones han estado pendientes por no ser firmes las sentencias impuestas.

En vista de lo anterior, *se declarará sin lugar el escrito radicado por el peticionario.*

—O—

Voto del Juez Asociado Señor Dávila con el cual concurren los
Jueces Asociados Señores Rigau, Torres Rigual, Martín,
Cadilla Ginorio, Díaz Cruz e Irizarry Yunqué

San Juan, Puerto Rico, a 9 de enero de 1974

Aunque estoy de acuerdo con lo expuesto en la opinión
*per curiam* emitida en el presente caso al declarar sin lugar
el escrito radicado por el peticionario, creo pertinente agregar
que los jueces de instancia no deben basar sus fallos en las
sentencias que se dictan al resolver sin opinión y solamente
por sentencia algunos de los innumerables casos que se radi-
can ante este Tribunal. Fundándose en la sentencia dictada
en *Hernández* v. *Tribunal Superior*, O-73-125, algunos jueces
de instancia han modificado sentencias dictadas que ya eran
firmes bajo la anterior Ley de Drogas, no obstante el hecho
de que de la faz de la sentencia dictada en *Hernández* no
aparece la fecha en que fue sentenciado el acusado, a pesar
de que reiteradamente este Tribunal, siguiendo lo dispuesto
en el Art. 602 de la Ley de Sustancias Controladas, sólo había
modificado las sentencias en los casos en que todavía estaban
pendientes las acusaciones, o sea, que no fueran firmes.

Las normas, así como la interpretación de cualquier
disposición legal, la establece este Tribunal mediante dictamen
sostenido por una opinión o por una opinión *per curiam*, en
la cual se consideran ampliamente las cuestiones envueltas y se
fundamentan con razonamientos, precedentes explicados y
tratadistas reconocidos. El Tribunal resuelve un caso por sen-
tencia cuando el mismo plantea cuestiones reiteradamente
resueltas por este Tribunal. Una sentencia no establece norma,
y menos revoca una establecida. La sentencia es la forma que
utiliza el Tribunal para disponer lo más rápidamente posible
del enorme número de casos que tiene que resolver. Sólo in-
tenta resolver la controversia entre las partes. Por eso es que

los jueces de instancia no deben fundar sus fallos en dichas sentencias.