EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS M. ROSARIO CINTRÓN, acusado y apelante.

*Número*: CR-73-5          *Resuelto*: 13 de marzo de 1974

*R. N. Ponce de Sánchez Rivoleda,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General, Marta E. Haidar de Martí, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

El Ministerio Público imputó al apelante, conjuntamente con otra persona, tres cargos consistentes en la posesión,

ocultación y transportación, y traspaso de la droga narcótica conocida como heroína, por hechos ocurridos el 3 de mayo de 1971, bajo la anterior Ley de Narcóticos de Puerto Rico de 1959 (en adelante denominada Ley de 1959), Ley Núm. 48 de 18 de junio de 1959 (24 L.P.R.A. sec. 973, 974z(2)). Ventilado el caso en sus méritos, luego de estar ya en vigor las disposiciones invocadas de la nueva Ley de Sustancias Controladas de Puerto Rico (en adelante denominada Ley de 1971), 24 L.P.R.A. sec. 2404, ([1]) el jurado trajo un veredicto de culpabilidad en 23 de diciembre de 1971 en cada una de las tres infracciones imputadas. Fue sentenciado a cumplir concurrentemente de 5 a 8 años de presidio con trabajos forzados en cada caso según las penalidades que dispone la Ley de 1959. El apelante no estuvo conforme y presentó recurso de apelación ante nos.

Como primer error plantea el apelante que la prueba de cargo fue insuficiente para derrotar la presunción de inocencia y probar la culpabilidad más allá de duda razonable.

No tiene razón el apelante. Hemos examinados cuidadosamente la transcripción de las incidencias del juicio y estamos convencidos de que la prueba del Pueblo fue suficiente para persuadir al jurado de la certeza de la acusación.

█ Como bien señala la representación legal del acusado apelante, la prueba en el caso presenta las versiones conflictivas sobre los hechos ofrecidas por el agente encubierto y por el acusado. La controversia fue dilucidada por el jurado en contra del apelante. Es sabido que los juzgadores de hechos merecen respeto y confiabilidad en la solución justiciera de los conflictos en la evidencia y, por ende, en la apreciación imparcial de la prueba. *Pueblo* v. *Nevárez Virella*, 101 D.P.R. 11 (1973); *Pueblo* v. *Rodríguez Hernández*, 91 D.P.R. 183, 203

---

([1]) La citada Sec. 2404 provee en casos de posesión de alguna sustancia controlada la pena mínima de un (1) año y máxima de cinco (5) años de prisión y una multa opcional que no excederá de $5,000. La misma entró en vigor el 23 de junio de 1971.

(1964). Tratándose de una cuestión de credibilidad, no estamos justificados en alterar la determinación de los que vieron y oyeron a los testigos. *Pueblo* v. *Rodríguez González*, 101 D.P.R. 1 (1973).

Como segundo error apunta el apelante que estando pendiente la tramitación del caso a la fecha de vigencia de la Ley de 1971 correspondía aplicarle las penalidades menos severas de uno (1) a cinco (5) años que se fijan en el Art. 404 (a) de la Ley de 1971 por disponerlo así el Art. 602(a) que reza como sigue:

"(a) Las acusaciones pendientes[2] por cualquier violación a las leyes o partes de leyes derogadas por este Capítulo, que ocurra con anterioridad a la fecha de vigencia del mismo se seguirá tramitando bajo la ley vigente al momento de haberse cometido la susodicha violación. *Si la violación por la cual se ha acusado es similar a las que se incluyen en este Capítulo, se aplicarán las penalidades dispuestas por este Capítulo, si éstas son menores que las penalidades bajo la legislación anterior.*" (Énfasis suplido.) Art. 602(a), 24 L.P.R.A. sec. 2602(a).

La acusación en el caso de autos estaba pendiente a la fecha en que entró en vigor el citado artículo 602(a), ya que ni siquiera se había celebrado el juicio a dicha fecha.

Debemos pues determinar si los delitos por los cuales se procesó al apelante son similares a los especificados en la Ley de 1971 a los fines de decidir si le son de aplicación las penalidades más favorables que ésta provee.

La Ley de 1959 prohibía, en lo que es aquí pertinente, (1) la posesión; (2) la transferencia o recibo, o sea la venta, y (3) la introducción, la ocultación y la transportación de la

---

[2] Hemos extendido el concepto de "acusaciones pendientes" a cualquier caso que estuviere siendo tramitado a la fecha de vigencia de las disposiciones invocadas, o sea, al 23 de junio de 1971, aun en los casos en que ya hubiese recaído convicción del acusado a dicha fecha pero que la misma no fuere final y firme, bien por no haber transcurrido el término apelativo o por estar pendiente ante nos en grado de apelación. Véase: *Padilla Figueroa* v. *Tribunal Superior*, 101 D.P.R. 933 (1974); *Figueroa Méndez* v. *Tribunal Superior*, 101 D.P.R. 859 (1974).

droga narcótica conocida como heroína. (³) La citada disposición provee tres distintos delitos de suerte que la comisión de cualquiera de ellos conlleva la imposición de una o más de las penalidades prescritas en la ley. *Pueblo* v. *Martínez Ríos*, 89 D.P.R. 362 (1963). Así, una sola venta puede comprender más de un delito en casos en que la prueba de la posesión de la droga es distinta de las prueba de la venta. *Id.* Dicha ley prohibía la mera posesión o tenencia. Véase *Pueblo* v. *Pellot Pérez*, 92 D.P.R. 812, 815 (1965).

Examinemos primeramente el delito de posesión, bajo la nueva ley el cual tiene dos modalidades, a saber: (1) la mera posesión que contempla la Sec. 2404 (⁴) y (2) la posesión con intención de distribuir, dispensar, transportar u ocultar cubierta por la sección 2401. (⁵) Es cierto que las penalidades aplicables a la mera posesión son menos fuertes bajo la nueva ley, y de haber sido el delito de posesión cometido por el apelante similar al de la ley anterior se hubiera beneficiado

---

(³) "974z . . . Queda absolutamente prohibida la tenencia, posesión, traspaso, uso, aplicación, prescripción, manufactura, preparación o cualquier transferencia o recibo, así como la introducción, la ocultación y la transportación en Puerto Rico de:

.        .        .        .        .        .        .        .

(2) La droga narcótica conocida como heroína, así como cualquier preparación o producto elaborado de la misma sin importar su forma y naturaleza que contenga cualquier cantidad de esta droga". 24 L.P.R.A. sec. 974z.

(⁴) Al aprobarse la Ley de Sustancias Controladas en 23 de junio de 1971 se dispuso que la posesión a que se refería la Sec. 2404 habría de ser para consumo propio. Luego en 31 de mayo de 1972 se enmendó a los fines de eliminar la limitación de consumo propio, a fin de que la penalidad y beneficio de dicho artículo se extendiera a la mera posesión. Ley Núm. 64 de 31 de mayo de 1972, Sec. 1. También se enmendó la Disposición Transitoria de la ley a los fines de que tal beneficio se extendiera a las acusaciones radicadas al amparo de legislación anterior. *Id.* Sec. 3.

(⁵) La Sec. 2401 dispone en lo pertinente:
". . .(a) . . . será ilegal el que cualquier persona, a sabiendas o intencionalmente:
(1) Fabrique, distribuya, dispense, transporte u oculte o posea con la intención de fabricar, distribuir, dispensar, transportar u ocultar una sustancia controlada; . . . ."

de ello. Pero habiendo sido el apelante convicto de traspaso (equivalente al delito de distribución de la nueva ley) es indudable que la posesión tuvo como propósito la distribución de la sustancia controlada que envuelve un castigo mayor bajo la nueva ley. La posesión así intencionada constituye una violación de la Sec. 2401(a) (1) que conlleva una pena de 10 a 30 años de prisión y multa no mayor de $25,000.

La Ley de 1959 no distinguía entre la transportación u ocultación realizada por un traficante o fabricante y aquella de un mero poseedor. Por ello, tanto el mero poseedor como el fabricante eran susceptibles de ser acusados además por transportar u ocultar drogas narcóticas. La nueva ley establece el delito de transportar y ocultar[6] como delito separado en la Sec. 2401 con referencia al traficante o fabricante de sustancias controladas como una gestión incidental a su ilegal comercio o actividad. Pero, al referirse al simple poseedor en la Sec. 2404 comprende e incluye en su sanción penal la transportación u ocultación, aun cuando no la defina ni castigue como delito separado, de suerte que al declarar "ilegal el que cualquier persona, a sabiendas o intencionalmente, posea alguna sustancia controlada" (24 L.P.R.A. sec. 2404(a)), también castiga la posesión en movimiento de aquel que oculta y transporta sobre su persona de un sitio a otro la sustancia controlada.

---

[6] El proyecto originalmente presentado de la Ley de Sustancias Controladas no incluía el delito de "transportar y ocultar". Véase *Informe Comisiones Salud y Bienestar y de lo Judicial de la Cámara de Representantes*, 17 de mayo de 1971, 3ra. Ses. Ord., 6ta. Asamblea Legislativa, pág. 8. El historial legislativo no da luz alguna sobre dicho delito. Emerge en forma de una sugestión del Departamento de Justicia en la vista celebrada ante las Comisiones de lo Judicial y de Salud y Bienestar de la Cámara de Representantes, Audiencia Pública celebrada el 6 de mayo de 1971 sobre el P. de la C. 1323, pág. 33, solicitando que se insertara la frase "transporte u oculte" después de la palabra "dispense" en el Art. 401(a) (1), cuya sugestión fue adoptada por la Cámara de Representantes al aprobar el proyecto P. de la C. 1323, originador de la Ley de Sustancias Controladas. Véase *Actas de la Cámara*, 1971, pág. 848, a la pág. 850.

■ Conforme surge del examen que hemos realizado de la transcripción de evidencia del proceso ventilado ante el tribunal de instancia y en vista de que el veredicto condenatorio contra el apelante incluye la comisión del delito de venta, así como los delitos de posesión de transportación y ocultación, relacionados con el delito de la venta, concluimos que los castigos que aparejan los delitos similares bajo la nueva Ley de Sustancias Controladas son más rigurosos que los que imponía la anterior Ley de Narcóticos de 1959. Es por ello que el apelante no puede invocar la reducción de las sentencias impuéstales bajo la anterior ley.

*Se confirmarán las sentencias dictadas el 17 de enero de 1972.*