JOSÉ A. FUENTES MORALES, peticionario, *v.* TRIBUNAL SUPE-RIOR DE PUERTO RICO, HON. JOSÉ M. AYALA CÁDIZ, JUEZ, demandado.

*Número:* O-74-230          *Resuelto:* 22 de octubre de 1974

*Sonia E. Avilés Lamberty,* abogada del peticionario; *Myriam Naveira de Rodón, Procuradora General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados del demandado.

PER CURIAM: Se le imputó en este caso al acusado haber violado disposiciones de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. secs. 2101–2607, consistente en que para el 29 de enero de 1973: 1) transportó y ocultó; 2) tenía bajo su posesión y dominio con la intención de distribuir; y 3) poseía la sustancia controlada conocida por marihuana, sin estar autorizado para ello. Los cargos, según finalmente se radicaron después de la autorización de una nueva acusación, se hicieron por vía de tres pliegos acusatorios.

El 31 de mayo se radicó una moción por el acusado solicitando del tribunal de instancia que le ordenase al fiscal radicar un solo pliego acusatorio conteniendo tres cargos. El tribunal de instancia declaró sin lugar la moción del peticionario, quien ha acudido ante nos en solicitud de *certiorari.*

El peticionario señala básicamente dos problemas con la resolución mencionada y los procedimientos seguidos hasta la fecha. El acusado sostiene que la Regla 37 de las de Procedimiento Criminal, así como el Art. II, Sec. 11 de la Constitu-

ción de Puerto Rico, requieren que se radique un solo pliego acusatorio con diversos cargos y no tres acusaciones distintas según se hizo. Señala también el peticionario que conforme nuestra opinión en *Pueblo* v. *Rosario Cintrón*, 102 D.P.R. 82 (1974), no pueden considerarse delitos separados la simple posesión, de un lado, y la transportación y ocultación, del otro.

■ Respecto al primer planteamiento del peticionario, ni hay base para el planteamiento constitucional ni la Regla 37 de las de Procedimiento Criminal le impone la obligación al fiscal de acumular la imputación de dos o más delitos en la misma acusación o denuncia, aun cuando surjan del mismo acto o transacción. Es nuestro deber señalar, sin embargo, que si tal es la interpretación usual hasta ahora, la práctica reconocidamente más recomendable es acumular en una misma acusación o denuncia dos o más delitos, en cargos por separado, si los delitos imputados fueren de igual o similar naturaleza o hubieren surgido del mismo acto o transacción. 1 Wright & Miller, *Federal Criminal Procedure*, 1969, Sec. 143, a la pág. 313. Véase también *Smith* v. *United States*, 357 F.2d 486 (5th Cir. 1966).

En la consideración del segundo planteamiento debemos analizar las disposiciones de ley al efecto a la luz de *Rosario Cintrón*. Allí se trataba de convicciones bajo la anterior Ley de Narcóticos de Puerto Rico de 1959, Ley Núm. 48 de 18 de junio de 1959, 24 L.P.R.A. secs. 973, 974z(2). Toda vez que la vista del caso fue ventilada estando en vigor la nueva Ley de Sustancias Controladas de Puerto Rico, *supra*, aplicamos las disposiciones de esta ley a los únicos fines de determinar la sanción penal que correspondía a los delitos imputados que fueren similares, a los estatuidos por la nueva ley. 24 L.P.R.A. sec. 2602. Las convicciones en el caso de *Rosario Cintrón* fueron por los delitos de (1) posesión, (2) ocultación y transportación, y (3) traspaso de la droga narcótica conocida como heroína. Habiendo sido convicto del delito de venta el allí acusado concluimos que los delitos de "posesión" y de "trans-

portación y ocultación" constituían una gestión incidental al ilegal comercio o actividad del acusado, y por ende le aplicaba el castigo más oneroso que dispone el Art. 401 de la nueva ley: 24 L.P.R.A. sec. 2401.

En el caso de autos se le imputa al peticionario "posesión y dominio, con la intención de distribuir" que castiga el Art. 401 de la nueva ley. En cargo separado se le imputa "transportación y ocultación", y en otro cargo la "posesión y dominio" todo ello referente a la droga narcótica conocida por marihuana. Los tres delitos están caracterizados como delitos separados y se provee un castigo separado para cada uno de ellos. La posesión y dominio, con intención de distribuir, está castigado por el Art. 401, como lo está también la "transportación y ocultación". Por otro lado el de "posesión y dominio" sin intención específica está castigado por el Art. 404 (a) siendo la pena más benigna que la contemplada bajo la Sec. 401. Siendo distinta la naturaleza de los delitos de posesión comprendidos bajo los Arts. 401 y 404 (a), el Ministerio Público debe decidirse por uno de ellos. Según dijimos antes, la posesión bajo el Art. 401 requiere una intención específica, bien fuere la de "fabricar", "distribuir", "dispensar" o "transportar u ocultar" pero todo ello con referencia al comercio ilegal. Pero, la posesión bajo el Art. 404 (a) no requiere intención alguna ya que éste se refiere a la mera posesión.

El Ministerio Fiscal deberá optar por una de las dos acusaciones por "posesión", bien fuere la de mera "posesión" bajo el Art. 404 (a) o la de "posesión con intención de distribuir" bajo el Art. 401, ya que el delito de "posesión" está incluido dentro del delito mayor de "posesión con intención de distribuir". Si optare por el de mera "posesión" deberá eliminar el de "transportación u ocultación" según la doctrina sentada en *Rosario Cintrón*. Si por el contrario optare por acusar por "posesión con intención de distribuir" puede entonces

acusar además por "transportación u ocultación" bajo el Art. 401.

En vista de lo anterior *se expedirá el auto solicitado y se devolverá el caso al tribunal de instancia para que éste instruya al Ministerio Fiscal para que presente una nueva acusación o acusaciones conforme a lo expuesto en esta opinión.*