*646 TEXTO COMPLETO DE LA RESOLUCION
Hechos
El 3 de diciembre de 1999 fueron presentadas ante el Tribunal de Menores, Sala de Bayamón, dos quejas contra el menor apelante P.J.R.A., por violación a los artículos 401 y 412 de la Ley de Sustancias Controladas, 24 L.P.R.A. § 2401, 2411, en concierto y común acuerdo con el también menor N.J.R.
Luego de haberse cumplido con los aspectos procesales pertinentes, el 14 de marzo de 2000 fue celebrada la vista adjudicativa contra los menores en el Tribunal de Primera Instancia, Sala Superior de Bayamón (Asuntos de Menores), ante el Hon. Juez Reinaldo O. Catinchi. En dicha ocasión testificaron los agentes Marcelino Pérez de Jesús y la Sargento Vanesa Sepúlveda, en cuanto a los eventos ocurridos del 27 de noviembre de 1999 al 3 de diciembre de 1999, que culminaron con el arresto de los menores.
El agente Pérez de Jesús declaró que el 27 de noviembre de 1999 recibió una confidencia de parte de un informante, señalando que un hombre adulto llamado "Pedro" en compañía de un joven conocido como "Jani", estaban vendiendo drogas desde el Apto. 107, edificio 17 del Residencial Villas de Mabó en Guaynabo. El agente le informó de dicha confidencia a su supervisor inmediato, quien lo autorizó a iniciar una vigilancia de los predios. Establecida la vigilancia, el agente observó varias transacciones que por su experiencia estimó que eran de narcóticos no autorizados (drogas) conducidas por dos individuos que entraban y salían del referido apartamento, cuyos atributos físicos concordaban con las descripciones ofrecidas por el informante. El agente entonces consultó con el fiscal y procedió a juramentar sus hallazgos ante la Hon. Jueza Teresa Medina, quien expidió orden autorizando el registro y allanamiento del Apto. 107, edificio 17 del Residencial Villas de Mabó. La orden fue diligenciada por la Sargento Sepúlveda, junto a varios compañeros del precinto, el 3 de diciembre de 1999 a las 7:00 a.m.
Al respecto, la Sargento Sepúlveda declaró que cuando llegaron al apartamento la puerta estaba abierta, por lo que procedieron a entrar, e inmediatamente localizar y reunir en la sala a las cuatro personas que allí se encontraban. Posteriormente, la Sargento Sepúlveda le entregó la orden de registro a la joven Lydiana De León Rodríguez quien era la única persona de edad adulta en dicho apartamento. Los tres restantes eran menores de edad, entre los cuales se encontraban los dos menores a quienes le fueron imputadas las faltas antes señaladas.
Comenzaron el registro en el cuarto localizado al final del pasillo, el cual según lo indicado, era el de los menores P.J.R.A. y N.J.R. Buscaron en el área del "clóset" y dentro encontraron nueve (9) bolsitas con picadura de marihuana y una pipa de madera dentro de los bolsillos de una camisa allí colgada. Encontraron además otras diecisiete (17) bolsitas con marihuana y dinero en efectivo dentro de los bolsillos de un "jacket" verde. Por último, encontraron una lata de "Coors Light" con más bolsitas de marihuana.
Declaró además no haber encontrado nada en ninguno de los otros cuartos del apartamento, a excepción del "laundry", en donde encontraron trece (13) balas calibre 45 y alguna parafemalia alegadamente relacionada con la confección y el consumo de drogas. Finalizado el registro, le hicieron las correspondientes advertencias a las cuatro personas y se las llevaron al cuartel de Guaynabo, junto a la evidencia obtenida. Allí se comunicaron con los padres de los menores y con el fiscal de distrito. Luego realizaron la prueba de campo, la cual arrojó positivo a marihuana. 
Posteriormente, le sometieron cargos únicamente a los menores P.J.R.A. y N.J.R. Luego de varios incidentes procesales y de celebrada la vista adjudicativa del 14 de marzo de 2000 en cuanto al menor P.J.R.A., éste fue hállado incurso en violación al artículo 401 de la Ley de Sustancias Controladas, y no incurso en cuanto al artículo 412 de dicha Ley. Se le impuso medida condicional de dieciocho (18) meses en libertad a prueba bajo la custodia de su madre y la supervisión del tribunal.
*647 Inconforaxes con la sentencia, el peticionario-apelante recurre mediante la causa del epígrafe presentada el 13 de abril de 2000. Imputa la convicción de dos errores:

"Primer Error

Erró el Honorable Tribunal de Instancia al encontrar incurso al apelante por la comisión de la falta, bajo el Artículo 401 de Sustancias Controladas, ya que el Procurador de Menores no probó su caso más allá de duda razonable.

Segundo Error

Erró el Tribunal de Primera Instancia al determinar que el apelante actuó en concierto y común acuerdo con otro menor en la comisión de las faltas por las cuales se le encontró incurso."

Contando con el beneficio de los autos originales, y de una exposición narrativa de la prueba oral desfilada, y los alegatos de ambas partes, estamos en posición de resolver.
Exposición y Análisis
Atenderemos ambos errores en conjunto, por estar íntimamente relacionados y haber sido discutidos de tal forma por las partes.
Surge de los autos, como dato incontrovertido, que al apelante no se le ocupó físicamente la marihuana. Debemos, pues, determinar si la prueba que fue aportada resulta suficiente para establecer, más allá de duda razonable, la posesión constructiva de la droga ocupada. Es menester señalar que la ley contempla como conducta constitutiva de delito, no sólo la tenencia física inmediata por un individuo de un artículo prohibido, sino también la posesión común que ocurre cuando varias personas, con conocimiento, comparten el control sobre el artículo delictivo. Pueblo v. Rivera Rivera, 117 D.P.R. 283, 294 (1986). Ahora bien, la mera presencia de una persona en la escena del delito, por si sólo, no es suficiente para sostener una convicción, aunque ello es uno de los elementos a considerar. Pueblo v. Ortiz Martínez, 116 D.P.R. 139, 145 (1985); Pueblo v. Aponte González, 83 D.P.R. 511, 519-20 (1961).
De otra parte, en nuestra jurisdicción, "[e]l precepto constitucional que garantiza al acusado la presunción de inocencia [Art. II, Carta de Derechos, Sec. 11, Constitución del Estado Libre Asociado de Puerto Rico] exige que toda convicción siempre esté sostenida por prueba que establezca más allá de duda razonable todos los elementos del delito y la conexión del acusado con los mismos". Pueblo v. Bigio Pastrana, 116 D.P.R. 748, 760-61 (1985). Dicho mandato también está incorporado en la Regla 110 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 110, la cual, en lo pertinente, sostiene que se presumirá inocente al acusado en todo proceso criminal, mientras no se probare lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá.
Viene así obligado el Ministerio Público, no sólo a presentar prueba que conecte al acusado con la comisión del delito imputado, sino que la prueba tiene que contener un quántum más allá de duda razonable para que pueda ser constitucionalmente suficiente para sostener una convicción. En cuanto a este particular, se ha establecido que el quántum de evidencia que la Constitución prevé para que se pueda sostener una convicción, es aquél que establece una certeza moral que convence sobre todos y cada uno de los elementos del delito, así como respecto a la conexión del acusado con éstos. Pueblo v. Narváez Narváez, 122 D.P.R. 80 (1988); Pueblo v. Carrasquillo Carrasquillo, 102 D.P.R. 545, 552 (1974). Dicha prueba tiene que ser constitucionalmente satisfactoria, es decir, que produzca certeza o convicción moral en una conciencia exenta de preocupaciones o en un ánimo no prevenido. Pueblo v. Rosaly Soto, 128 D.P.R. 729, 739 (1991); Pueblo v. Cabán Torres, 117 D. P.R. 645, 652 (1986).
*648 La insatisfacción con la prueba es lo que se conoce como duda razonable y fundada. Pueblo v. Cabán Torres, supra, a la pág. 652. Ahora bien, "ello no significa que toda duda posible, especulativa o imaginaria tenga que ser destruida. Sólo se exige que la prueba establezca aquella certeza moral que convence, que dirige la inteligencia y que satisface la razón". Pueblo v. Pagán Santiago, 130 D.P.R. 470, 480 (1992). Respecto la suficiencia de prueba, la Regla 10(C) de las de Evidencia, 32 L.P.R.A. Ap. IV, R. 10(C), dispone que "[p]ara establecer un hecho no se exige aquel grado de prueba que, excluyendo posibilidad de error, produzca absoluta certeza; sólo se exige la certeza o convicción moral en un ánimo no prevenido”. Conforme a ello, una parte descarga su responsabilidad de probar un hecho persuadiendo al juzgador de ánimo no prevenido o prejuiciado de que tal hecho ocurrió. Pueblo v. Torres García, 137 D.P.R. 56 (1994); Pueblo v. Rodríguez Román, 128 D.P.R. 121, 130-31 (1991).
De otra parte, es norma reiterada por nuestro Tribunal Supremo que la valoración de la prueba correspomde al foro primario y que, en revisión, los juzgadores de hechos merecen respeto y confiabilidad en la apreciación de la prueba. Pueblo v. Rosario Cintrón, 102 D.P.R. 82 (1974); Pueblo v. Nevárez Vilella, 101 D.P.R. 11 (1973); Pueblo v. Rodríguez Hernández, 91 D.P.R. 183, 203 (1964). Por tanto, la determinación de culpabilidad que hace el juzgador de hechos a nivel de instancia es merecedora de gran deferencia por parte del tribunal apelativo. Ortiz v. Cruz Pabón, 103 D.P.R. 939 (1975).
No obstante, ello no puede significar que el juzgador nunca se equivoca. De ahí que en muchos casos no se debe vacilar en dejar sin efecto un fallo condenatorio cuando de un análisis de la prueba que tuvo ante sí el tribunal sentenciador surgen serias dudas, razonables y fundadas, sobre la culpabilidad del acusado. Pueblo v. Méndez Rolón, 100 D.P.R. 734 (1972); Pueblo v. Rivera Arroyo, 100 D.P.R. 46 (1971); Pueblo v. Torres Rolón, 99 D.P.R. 970 (1971); Pueblo v. Carrasquillo Carrasquillo, supra, a la pág. 551. Cuando ello ocurre, no se trata de una intervención con la función del juez o del jurado en la apreciación de la prueba, sino de un error de derecho. En tales casos, donde el apelante logra plantear algo que implica vulneración a la garantía constitucional, simplemente se trata de que del contenido de la prueba aportada por el Ministerio Público surge una duda razonable sobre la responsabilidad imputada al acusado, lo que es revisable como cuestión de Derecho. Pueblo v. Carrasquillo Carrasquillo, supra, a la pág. 552; Pueblo v. Cabán Torres, supra; Pueblo v. Rivero, Lugo y Almodóvar, 121 D.P.R. 454 (1983); Pueblo en interés menor F.S.C., 128 D.P.R. 931, 940 (1991).
De otra parte, es principio cardinal que para imponer responsabilidad criminal a una persona, como autor de un delito, es indispensable que ésta haya tomado parte directa en la comisión del mismo; que haya instigado, ayudado o cooperado a cometerlo; haberse valido de una persona inimputable para perpetrarlo o haber ayudado a los que lo cometieron, en cumplimiento de una promesa anterior. Art. 35 del Código Penal, 33 L.P.R.A. § 3172. Claro resulta, pues, "que no es necesario ser el agente que comete el delito, sino que basta participar, aunque sea pasivamente, en la empresa delictiva. Sin embargo, para poder ser sancionada, esta participación debe ser realizada con intención o negligencia criminal y ser probado más allá de duda razonable". Pueblo en interés menor F.S.C., 128 D.P.R. 931, 938 (1991).
En casos de co-autoría, la responsabilidad criminal debe ser establecida por el Ministerio Público en función de actos anteriores y posteriores que, considerados en conjunto, revelen la existencia de una conspiración o común acuerdo. Id. Dicho elemento, de concierto y común acuerdo o designio común, puede ser establecido mediante prueba circunstancial, Pueblo v. Cancel Peraza, 106 D.P.R. 28 (1977), que es aquélla tendiente "a demostrar el hecho en controversia probando otro distinto del cual, en unión a otros hechos ya establecidos, puede razonablemente inferirse el hecho en controversia". Regla 10(C) de las de Evidencia, 32 L. P.R.A. Ap. IV, R. 10(C). (Enfasis suplido).
El artículo 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. § 2401, tipifica como delito grave la posesión de una sustancia controlada con intención de distribuirla. Se refiere a la posesión con la intención específica de fabricar, distribuir, transportar u ocultar narcóticos en bien del comercio ilegal. Fuentes Morales v. *649 Tribunal Superior, 102 D.P.R. 705 (1974).
Está resuelto que la intención de distribuir se puede inferir por la cantidad de droga ocupada al individuo. Pueblo y Lorio Ormidby I, 137 D.P.R. 722 (1994); Pueblo v. Torres Estrada, 112 D.P.R. 307 (1982). En cuanto a la posesión, elemento esencial del referido artículo 401, la misma puede ser inmediata o constructiva y no es necesaria la posesión física de las sustancias. Basta que se tenga el control o el derecho al control de ésta. Pueblo v. Cruz Rivera, 100 D.P.R. 345 (1971); Pueblo v. Cruz Rosado, 97 D.P.R. 513 (1969). En casos de posesión conjunta o constructiva de sustancias controladas, se le impone responsabilidad penal a todas las personas que tienen conocimiento, control y manejo del bien prohibido, sin requerirse la posesión inmediata del mismo. Dora Nevares-Muñiz, Derecho Penal Puertorriqueño, 149 (1995). Véase además Pueblo en interés menor F.S.C., supra. La posesión puede ser imputada cuando la sustancia es hallada en un lugar inmediato y accesible al acusado, sujeto a su dominio y control. Aun cuando no tenga el control exclusivo de la sustancia, podrá imputársele la posesión cuando el individuo no ha abandonado el narcótico, y ninguna otra persona ha adquirido su dominio. Pueblo v. Cruz Rosado, supra.
Al respecto, nuestro Tribunal Supremo ha expresado que la posesión se establece con prueba tendente a demostrar que el acusado ejercía dominio y control sobre el contrabando, que conocía de su presencia y que éste tenía conocimiento de que el material era narcótico. Pueblo v. Cruz Rosado, supra, a la pág. 515 (citando a People v. Showers, 440 P.2d. 939 (1968)). Viene así obligado el Ministerio Público a probar, más allá de duda razonable, que el acusado tenía el control o el derecho al control de la sustancia o que ésta se encontraba en un lugar inmediato y accesible al acusado, sujeto a su dominio y control, y que, además, el acusado tenía conocimiento sobre la presencia de la sustancia en el lugar.
Un examen objetivo de la prueba aportada por el Ministerio Público en el caso que nos ocupa, nos mueve a coincidir con el foro de Instancia en que la misma resulta suficiente en derecho para probar, más allá de duda razonable, los elementos de posesión y conocimiento en lo que respecta al aquí apelante, por lo que el fallo de culpabilidad que es objeto de impugnación debe prevalecer.
En la controversia de autos, la Sargento Sepulveda realizó un registro legal del apartamento 107 del Residencial Villas de Mabó, donde residía el menor y aquí peticionario P.J.R.A. La sargento contaba con una orden de registro y allanamiento sobre el apartamento, obtenida como resultado de una investigación realizada por el agente Pérez de Jesús. Durante el curso de su investigación, el agente observó varias transacciones que por su experiencia identificó como de drogas controladas, todas conducidas desde el referido apartamento, confirmando así las previas confidencias recibidas.
Durante el registro, la Sargento Sepúlveda ocupó alrededor de veinte (20) bolsitas de marihuana en el clóset de uno de los cuartos. De acuerdo con el testimonio ofrecido y no controvertido durante el juicio, dicho cuarto era el dormitorio del peticionario P J.R.A, el cual compartía con el también imputado N.J.R.
La defensa nos invita a revocar bajo el supuesto de que al no encontrarse la droga a simple vista, no existía prueba de que el menor conociera de su existencia. Como señalamos anteriormente, la exigencia de practicar prueba admisible "más allá de toda duda razonable", exige certeza y convicción moral en un ánimo no prevenido, más no exige certeza matemática. No podemos olvidar que la duda tiene que ser una razonable. Después de todo, los jueces no debemos ser tan ingenuos como para creer lo que nadie más creería. In Re: Vélez Báez, 128 D.P.R. 509, 512 (1991); Pueblo v. Luciano Arroyo, 83 D.P.R. 573, 582 (1961).
Lo cierto es que la droga estaba en los bolsillos de una camisa y "jáquet" colgados en el"clóset" y dentro de un envase cilindrico allí colocado. No existe duda en cuanto a la presencia del menor en el lugar del delito. Tanto la ropa como el envase estaban totalmente accesibles al menor, en su propio dormitorio, sobre el cual ejercía control y dominio. La droga fue ocupada en un lugar de acceso diario e inmediato para el menor, libre de trancas o candados, o protegidos de alguna manera para limitar su acceso.
*650 Conforme a lo discutido, resolvemos que la prueba circunstancial desfilada, no contradicha y creída por el foro de Instancia, fue suficiente y capacitó al hermano foro de Primera Instancia para válidamente encontrar al menor P.J.R.A. incurso en la falta, más allá de duda razonable. El menor tenía la posesión constructiva de la droga, conocía su existencia y tenía control sobre la misma.
Dictamen
A tenor con los fundamentos expuestos, confirmamos la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2002 DTA 5
1. Este resultó ser el padre del peticionario P J.R.A.
2. Durante el juicio, las partes estipularon los resultados de la prueba de campo y análisis químico.
3. En esta última instancia se ha establecido que la evidencia circunstancial es intrínsecamente igual que la evidencia directa. Pueblo v. Salgado Velázquez, 93 D.P.R. 380 (1966).