EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | |
| --- | --- |
| Recurrido | Certiorari |
| v. | 2008 TSPR 63 |
| José L. Álvarez Vargas | 173 DPR ____ |
| Peticionario | |

Número del Caso: CC-2006-522

Fecha: 18 de abril de 2008

Tribunal de Apelaciones:

        Región Judicial de Ponce, Panel X

Juez Ponente:

        Hon. German J. Brau Ramírez

Abogada de la Parte Peticionaria:

        Lcda. Ana Rosa Montes Arraiza

Oficina del Procurador General:

        Lcdo. Ricardo E. Alegría Pons
        Lcdo. Alex Omar Rosa Ambert
        Procurador General Auxiliar

Materia: Concurso Real

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

      v.                        CC-2006-522
    *Certiorari*

José L. Álvarez Vargas

    Peticionario

Opinión del Tribunal emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 18 de abril de 2008.

El recurso de epígrafe nos brinda la oportunidad de definir, por primera vez, los contornos del concurso real de delitos; figura regulada actualmente por el Art. 79 del Código Penal de 2004. En específico, debemos precisar en qué supuestos procede imponer la pena agregada que provee la citada disposición.

Examinado ese punto, concluimos que dicha pena aplica *únicamente* a situaciones en que los delitos en concurso real *son juzgados simultáneamente*, según las reglas procesales sobre la acumulación de delitos. Es decir, sólo aplica cuando los delitos juzgados en el mismo proceso son: de igual o similar naturaleza; producto de un mismo acto o transacción; producto de dos o más actos o transacciones

relacionadas entre sí; o parte de un plan común. Procede, entonces, que revoquemos el dictamen recurrido.

## I.

El Ministerio Público presentó dos acusaciones en contra del Sr. José L. Álvarez Vargas por un cargo de apropiación ilegal simple y un cargo de apropiación ilegal agravada. En particular, el Estado le imputó al señor Álvarez Vargas haberse apropiado inicialmente de varios equipos electrónicos pertenecientes a su madre y, días después, de ciertos bienes y dinero propiedad de su padre.

Celebrado el juicio por ambos delitos, el Tribunal de Primera Instancia, Sala Superior de Ponce, declaró culpable al señor Álvarez Vargas por dos infracciones al Art. 192 del Código Penal. En consecuencia, le condenó a cumplir consecutivamente dos penas de seis meses de cárcel.

Inconforme, el señor Álvarez Vargas recurrió ante el Tribunal de Apelaciones. Dicho foro modificó el dictamen de instancia y redujo las penas impuestas a noventa días cada una. Esto tras advertir que los delitos por los cuales el señor Álvarez Vargas resultó convicto eran ofensas menos graves que solamente acarreaban noventa días de prisión.

El Tribunal de Apelaciones resolvió también que el Art. 79 del Código Penal —relativo a la figura del concurso real— no aplicaba al caso ante su consideración. A pesar de reconocer que el señor Álvarez Vargas fue juzgado simultáneamente por ambas

violaciones, el tribunal señaló que no surgía de los autos que dichos delitos estuviesen relacionados entre sí.

Según la sentencia recurrida, los hechos que dieron lugar al proceso penal entablado contra el señor Álvarez Vargas "fueron cometidos en fechas distintas, sin que se hubiera alegado que existía un designio común" entre éstos. En vista de ello, el foro apelativo intermedio concluyó que el caso no presentaba "un verdadero concurso entre los delitos, sino […] la acumulación para fines procesales de distintas acusaciones por hechos separados".

Por último, el Tribunal de Apelaciones sostuvo que si bien una "interpretación expansiva del Art. 79 tal vez podría conferir discreción al [foro sentenciador] para imponer al apelante una pena menor en estas circunstancias", no existe obligación alguna de así proceder.

Insatisfecho, el señor Álvarez Vargas acude ante nos y argumenta que erró el foro apelativo intermedio al no aplicar el citado Art. 79. Vista su petición, le concedimos un término al Procurador General para que nos expusiera su posición al respecto. Examinada su comparecencia, así como la réplica del peticionario, procedemos a resolver.

II.

A.

Como es sabido, uno de los propósitos fundamentales de la teoría del concurso de delitos es reducir la magnitud de las penas,[1] lo que le

---

[1] Véanse J. P. Mañalich Raffo, El Concurso de Delitos: Bases para su Reconstrucción en el Derecho

vincula con el principio de proporcionalidad. Por una parte, evita que una persona sea castigada dos veces por un mismo hecho punible y, de otra, modera la pena impuesta a un individuo juzgado por dos o más delitos independientes.

De conformidad con dicho principio, los casos de concurso requieren estructurar la pena de manera que se valore adecuadamente tanto la gravedad del hecho como la culpabilidad del sujeto. S. Mir Puig, Derecho Penal, 7ma ed., Uruguay, Ed. B. de F., 2005, pág. 640; L. E. Chiesa Aponte, Derecho Penal Sustantivo, San Juan, Pubs. J.T.S., 2007, pág. 66. En ese sentido, la teoría del concurso sólo es pertinente cuando a una persona se le imputan múltiples delitos. Esto último puede ocurrir en tres supuestos con rasgos muy particulares que, según la normativa que regula este asunto, se configuran a partir de un solo hecho o de varios.

El primero de los supuestos —el **concurso ideal**— se da cuando *un solo hecho* o *unidad de conducta* infringe varios tipos delictivos que *tutelan bienes jurídicos distintos*. En este caso, para castigar adecuadamente la actuación del imputado no es suficiente acusarlo por un solo delito. Así, a modo ilustrativo, quien detona una bomba que mata a una persona y causa daños a una estructura, podría ser acusado y convicto por asesinato y estrago. Sin embargo, dado que las diversas violaciones son

---

Penal de Puerto Rico, 74 Rev. Jur. U.P.R. 1021, 1023 (2005); G. Jakobs, Derecho Penal (J. Cuello Contreras y J. L. Serrano González, trad.), 2da ed., Madrid, Ed. Marcial Pons, 1997, pág. 1043; M. Gallego Díaz, El Sistema Español de Determinación Legal de la Pena, Madrid, Ed. ICAI, 1985.

producto de una misma conducta, solamente se *sanciona* al imputado con la pena del delito más grave. Véanse Jakobs, *supra*, págs. 1067-68; M. Cobo del Rosal y T. S. Vives Antón, Derecho Penal, 5ta ed., Valencia, Tirant Lo Blanch, 1999, págs. 769-76.

Por otro lado, dentro de este supuesto en ocasiones la conducta única *tan sólo aparenta* infringir dos tipos delictivos, pues éstos *protegen el mismo bien jurídico*. Contrario al concurso ideal, este **concurso aparente** realmente es un mero conflicto de normas. Por ejemplo, un individuo que mata a otro no puede ser acusado a la vez por homicidio y asesinato, ya que ambos tipos delictivos tutelan un bien jurídico idéntico: la vida. Por tal razón, es necesario interpretar las normas aplicables para así acusar por aquel delito que por sí solo valora la conducta delictiva. Véanse Pueblo v. Ramos Rivas, 2007 T.S.P.R. 138, res. el 29 de junio de 2007; D. Nevares Muñiz, Derecho Penal Puertorriqueño, 5ta ed., San Juan, Inst. Des. Der., 2005, págs. 135-36, 347.

A diferencia de las situaciones antes reseñadas, hay casos en que la pluralidad de delitos es el resultado de *múltiples hechos delictivos*. De esa forma, en el segundo supuesto, cuando las circunstancias objetivamente apuntan a que uno de los delitos es medio necesario para cometer el otro, se dice que éstos están en **concurso medial.** A pesar de que hay una pluralidad de hechos, desde hace algún tiempo estos casos se han tratado bajo las normas del concurso ideal. Véanse Pueblo v. Calderón Álvarez, 140 D.P.R. 627 (1996); Pueblo v. Meléndez

<u>Cartagena</u>, 106 D.P.R 338, 347-48 (1977); véase además F. Muñoz Conde y M. García Aran, <u>Derecho Penal</u>, 7ma ed., Valencia, Tirant Lo Blanch, 2007, págs. 463-64.

Por último, el tercer supuesto es el llamado **concurso real**, que contempla aquellas instancias en que *varias unidades de conducta* violan la misma ley o normas penales distintas. H. Silving, <u>Elementos Constitutivos del Delito</u> (G. R. Carrió, trad.), San Juan, Ed. U.P.R., 1976, pág. 180. Precisamente, esta última figura es la que debemos examinar en esta ocasión.

En Puerto Rico,[2] el Art. 79 del Código Penal establece qué tratamiento se dará a los delitos en concurso real:

> Cuando *alguien* haya realizado *varios delitos* que sean *juzgados simultáneamente*, cada uno de los cuales conlleva su *propia pena*, se le sentenciará a una *pena agregada*, que se determinará como sigue:
> (a) Cuando uno de los delitos conlleve pena de reclusión de noventa y nueve (99) años, ésta absorberá las demás.
> (b) Cuando más de uno de los delitos conlleve reclusión por noventa y nueve (99) años, se impondrá además una pena agregada del veinte (20) por ciento por cada víctima.
> (c) *En los demás casos*, se impondrá una pena para cada delito y se sumarán, no pudiendo exceder la pena agregada del veinte (20) por ciento del límite máximo del intervalo de pena para el delito más grave. 33 L.P.R.A. sec. 4707 (énfasis suplido).

Como se puede apreciar, el citado artículo

---

[2] Con la aprobación del nuevo Código Penal, nuestro ordenamiento adoptó una regulación bastante completa de las diversas facetas de la teoría del concurso, cuyas raíces radican en la tradición penal continental. Para más detalles sobre el contraste entre el tratamiento del concurso bajo el Código Penal derogado y el vigente, véase Mañalich, *supra*.

integra tres elementos en su tratamiento del concurso real. Por un lado, se destaca que para su aplicación es necesario que los delitos en concurso real correspondan a *una sola persona* (elemento "subjetivo"). De ahí el uso singular de la palabra "alguien". A su vez, de su texto se desprende que su aplicación depende de la existencia de "varios delitos [con] su propia pena" (elemento jurídico-material) que sean "juzgados simultáneamente" (elemento procesal).

El segundo elemento —de índole objetiva— no presenta un problema de interpretación mayor, pues claramente se refiere a la existencia de varios *hechos* delictivos.[3] No obstante, el requisito de que éstos sean juzgados conjuntamente incorpora un **elemento procesal** al texto de un Código Penal que, de ordinario, sólo se preocupa por cuestiones sustantivas. La razón para la inclusión de tal elemento no surge claramente del texto del citado artículo ni del historial legislativo del Código Penal. Tampoco se hace referencia a las circunstancias de ese enjuiciamiento conjunto.[4]

---

[3] El origen del mencionado Art. 79 se remonta al ordenamiento penal español, el cual, a su vez, recibió la influencia de la legislación alemana. En España, la definición dada al concurso real por la doctrina es precisa e integra los cuatro elementos siguientes: (1) identidad de sujeto activo; (2) realización de una o más acciones dirigidas a obtener diversos fines delictuosos; (3) existencia de diversas infracciones de la ley penal; y (4) ausencia de una sentencia por la cual se haya penado anteriormente alguno de esos delitos. Véase E. Cuello Calón, Derecho Penal, 18va ed., Barcelona, Bosch, 1981, t. I, v. 2, pág. 704.

[4] Un examen detenido de la literatura penal española nos demuestra que en España, antes de 1967, se estimaba que la diferencia entre el concurso y otros casos de pluralidad de delitos como la

Ahora bien, dicho asunto está claramente atendido en nuestro ordenamiento procesal penal. En ese sentido, resulta de particular importancia lo dispuesto en la Regla 37(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.37(a).

B.

La Regla 37(a) de Procedimiento Criminal autoriza la acumulación de delitos en contra de un acusado, en cargos separados, cuando: (1) sean de igual o similar naturaleza; (2) surjan del mismo acto o transacción; (3) surjan de dos o más actos o transacciones relacionadas entre sí; o (4) sean parte de un plan común. A su vez, la Regla 89 de Procedimiento Criminal le permite al tribunal acumular las acusaciones, aunque el fiscal no las hubiese unido, si pudo haberlo hecho. No obstante, si se demuestra que el acusado o el Estado se verían perjudicados por la acumulación, el tribunal tiene la facultad de ordenar la separación.

Tanto el fiscal como el acusado pueden solicitar la acumulación o separación mediante moción debidamente fundamentada, la cual debe presentarse con veinte días de antelación al juicio y notificarse a la otra parte. Sin embargo, el tribunal puede acogerla en otro momento antes que el caso sea llamado para juicio. Reglas 90 y 93 de Procedimiento Criminal, *supra*.

---

reincidencia, radicaba en el enjuiciamiento unitario. De ahí que desde temprano la jurisprudencia concluyera que para aplicar la norma análoga a la pena agregada contenida en nuestro Art. 79, era necesario que los delitos en concurso real se juzgaran *en un solo proceso*. En otras palabras, se hacía depender la aplicación de dicha norma a lo dispuesto en las reglas procesales. Véase Cobo del Rosal, *supra*, pág. 768 n.26.

En otras ocasiones hemos expresado que la Regla 37(a) no le impone al fiscal la obligación de acumular en un solo proceso todos los delitos cometidos por un mismo acusado, aun cuando éstos surjan del mismo acto o transacción. Sin embargo, hemos señalado que la acumulación es la mejor práctica. Fuentes Morales v. Tribunal Superior, 102 D.P.R. 705, 707 (1974); véanse además E. L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, 1993, págs. 187-203; Pueblo v. Báez Cartagena, 108 D.P.R. 381 (1979) (sentencia).

De lo anterior se desprende que en nuestra jurisdicción son limitadas las instancias en que procede enjuiciar a un acusado por varios delitos en un único proceso. La reglamentación aplicable circunscribe dicha posibilidad a los casos antes mencionados. Fuera de éstos, las reglas procesales no autorizan la acumulación de delitos en un mismo proceso para cualquier otro fin.[5]

Tomando esto en cuenta, en atención de las normas de hermenéutica que nos exigen interpretar los estatutos de forma integrada, concluimos que el juicio simultáneo al que alude el citado Art. 79 del Código Penal se refiere a las instancias de acumulación descritas en la Regla 37(a) de

---

[5] En ese sentido, Puerto Rico no adoptó la vertiente española moderna, según la cual, la imposición de una pena agregada se extiende, tanto a los delitos juzgados en un mismo proceso, como a aquellos que pudieron haberlo sido por su conexión o por el momento de su comisión. Véanse Código Penal Español: Comentado y con Jurisprudencia (L. Rodríguez Ramos, coord.), 2da ed., Madrid, Ed. La Ley, 2007, págs. 225-31, Mir Puig, supra, págs. 645-46.

Procedimiento Criminal. **Por tanto, para que aplique el tratamiento dado al concurso real por el Art. 79 del Código Penal, es necesario que los delitos en concurso sean de igual o similar naturaleza, surjan del mismo acto o**

**transacción, surjan de dos o más actos o transacciones relacionadas entre sí, o sean parte de un plan común.**[6]

Aclarado lo anterior, pasamos a disponer concretamente del caso ante nuestra consideración.

III.

A.

Según el expediente de autos, el peticionario fue juzgado simultáneamente por dos delitos de apropiación ilegal simple bajo el nuevo Código Penal. Evidentemente, dichos delitos son de igual naturaleza. Dado que éstos fueron juzgados simultáneamente de conformidad con las Reglas de Procedimiento Criminal, se cumplen las condiciones necesarias para la aplicación de la pena agregada dispuesta en el Art. 79 del Código Penal.[7]

No obstante lo anterior, el Procurador General aduce que debemos distinguir los casos en que proceda la acumulación de manera "compulsoria", de aquellos en que el juicio conjunto sólo es

---

[6] Claro está, debe tenerse presente que en Puerto Rico —al igual que en España y Alemania— para que se dé un concurso real de delitos no es suficiente la ocurrencia de varias acciones, sino que es necesario que éstas constituyan varios "hechos punibles susceptibles de ser valorados" separadamente. R. Maurach, Tratado de Derecho Penal (J. Córdoba Roda, trad.), Barcelona, Ed. Ariel, 1962, t. III, pág. 461. De esa forma, "[l]as unidades de conducta delictiva pertinentes son totalmente independientes entre sí. No es necesario que ocurran en forma simultánea o en sucesión próxima. El único factor que las conecta es el hecho de que no están separadas entre sí por condenas". Silving, supra, pág. 189.

[7] Aclaramos, además, que ni Pueblo v. Millán Meléndez, 110 D.P.R. 171, 178 (1980), ni nuestra jurisprudencia sobre el delito continuado puede servir de base para negar la aplicación del Art. 79 del Código Penal en casos como éste. En ninguna de esas instancias se nos presentó una cuestión similar a la que hoy tenemos ocasión de resolver.

"permisible". Explica, a su vez, que en el caso del señor Álvarez Vargas la acumulación era meramente permisible, pues aunque los delitos eran de similar naturaleza, éstos fueron cometidos en fechas distintas. Nos pide resolver que en casos de una acumulación permisible no debe reconocerse la aplicación del Art. 79 del Código Penal. Según la apreciación del Procurador General, permitir la formación de penas agregadas en casos de "acumulación permisible" redundaría en mayor litigación, pues el Ministerio Público optaría por separar los juicios para escapar las reglas del concurso real. No le asiste la razón.

Por un lado, somos del criterio que acoger la petición del Procurador General no sólo conllevaría ignorar el texto claro del Código Penal, sino que nos requeriría reconocer una dicotomía entre acumulación compulsoria y permisible que no está sustentada por el texto de las Reglas de Procedimiento Criminal, ni ha sido adoptada por esta Curia. Sumado a esto, el Procurador nos pide extender esa distinción procesal a la aplicación de una figura que es parte del derecho penal sustantivo del país. Claramente, las circunstancias de este caso no nos permiten hacer semejante distinción. Además, nadie cuestionó la procedencia de la acumulación, ni tampoco se alegó un perjuicio a raíz de la celebración del juicio conjunto.

De otro lado, tras analizar detenidamente el planteamiento del Procurador General a los efectos de que nuestra interpretación provocaría mayor litigación, somos de la opinión que éste no tiene

apoyo en la experiencia práctica. Generalmente son los acusados quienes solicitan la separación de delitos acumulados por ser de igual naturaleza, pues arguyen que se da la impresión de una mayor culpabilidad o peligrosidad. Véase E. L. Chiesa, *supra*, págs. 198-203; C. H. Whitebread y C. Slobogin, Criminal Procedure: An Analysis of Cases and Concepts, 4ta ed., New York, Foundation Press, 2000, págs. 563-68. Con el beneficio que supone el tratamiento conferido por el Art. 79 del nuevo Código Penal, se fomentará aún más la economía procesal, pues aquellos acusados que temían sufrir un perjuicio por la acumulación que el Procurador llama "permisible", ahora tendrán que sopesar que la separación conlleva renunciar a la pena agregada de dicha disposición.

Por último, somos conscientes de que la determinación de acumular o no varios delitos cometidos por un imputado está revestida de múltiples consideraciones, entre otras: (1) la discreción del fiscal; (2) la economía procesal, a juicio del tribunal; (3) los beneficios o perjuicios a las partes; (4) los posibles problemas de doble exposición que puede presentar la separación. En nuestra opinión, el Ministerio Público no separará los delitos para lograr con mayor facilidad una condena más holgada, sin considerar todas las implicaciones que esa decisión representa.

B.

A modo de epílogo, el análisis realizado nos ha llevado a concluir que para aplicar el tratamiento del Art. 79 del Código Penal se requiere: (1)

identidad de sujeto activo; (2) la comisión por ese sujeto de varios delitos independientes entre sí; (3) juicio simultáneo según las Reglas de Procedimiento Criminal; y (4) que una disposición especial no prohíba la formación de la pena agregada. Además, para cumplir con el elemento de "juzgamiento simultáneo" no es necesario que los delitos acumulados surjan de un núcleo común de hechos punibles. Más bien, basta con que se configuren los requisitos para la acumulación de delitos en un solo proceso, según lo dispuesto en las Reglas de Procedimiento Criminal.

Aclarado lo anterior, y habiendo determinado que en este caso se dan las condiciones para la aplicación de la pena agregada del Art. 79 del Código Penal, concluimos que el señor Álvarez Vargas tiene derecho a una disminución en la pena impuesta. Como ninguno de los delitos por los cuales el señor Álvarez Vargas fue condenado conlleva pena de 99 años de reclusión, aplica entonces el inciso (c) del citado artículo. Luego de realizado el cómputo correspondiente, determinamos que el peticionario debe cumplir 108 días como pena de reclusión.[8]

---

[8] Primero se suman las penas de cada uno de los delitos menos graves (90 días + 90 días = 180 días). Segundo, dicho total debe compararse con el límite máximo a la acumulación; es decir, el 20% adicional a la pena por el delito más grave, en el tope máximo de su intervalo superior (90 días * .20 = 108). Como la suma excede el límite establecido en el inciso (c), la pena agregada será la correspondiente a dicho límite (108 días). Evidentemente, para el cómputo de las penas individuales debe determinarse por separado la existencia de agravantes o atenuantes, antes de sumarlas para fines de calcular la pena agregada.

IV.

Por los fundamentos antes expuestos, revocamos la Sentencia emitida por el Tribunal de Apelaciones y, en consecuencia, ordenamos que el señor Álvarez Vargas cumpla 108 días de reclusión penitenciaria. Se devuelve el caso al Tribunal de Primera Instancia para la culminación de los procedimientos de conformidad con lo aquí resuelto.

Se dictará la correspondiente Sentencia.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

      v.                    CC-2006-522      *Certiorari*

José L. Álvarez Vargas

    Peticionario


SENTENCIA

San Juan, Puerto Rico, a 18 de abril de 2008.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la Sentencia emitida por el Tribunal de Apelaciones y, en consecuencia, se ordena que el señor Álvarez Vargas cumpla 108 días de reclusión penitenciaria. Se devuelve el caso al Tribunal de Primera Instancia para la culminación de los procedimientos de conformidad con lo aquí resuelto.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo