EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>    Peticionario<br><br>v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño, (PIP), por conducto de su Comisionado electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador, (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>    Recurridos | 2016 TSPR 228<br><br>196 DPR ____ |

Número del Caso: CT-2016-15

Fecha: 5 de noviembre de 2016

Abogados de la parte Peticionaria:

**Comisionado Electoral del PNP**
Lcda. María Elena Vázquez Graziani
Lcdo. Hamed G. Santaella Carlo
Lcdo. Alfonso A. Orona Amilivia

Abogados de la parte Recurrida:

**Comisionado Electoral del PPD**
Lcdo. Luis E. Meléndez Cintrón
Lcdo. Jorge Martínez Luciano
Lcda. Alexa Rivera Medina

**Comisionado Electoral del PPT**
Lcda. Rosa M. Seguí Cordero

**Comisionado Electoral del PIP**
Lcda. Brenda Berríos Morales

**Comisión Estatal de Elecciones**
Lcdo. Manuel Izquierdo Encarnación
Lcdo. Héctor E. Pabón Vega

Materia: Resolución con voto ´particular de conformidad y voto particular disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>Peticionario<br><br>v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño (PIP), por conducto de su Comisionado Electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>Recurridos | CT-2016-015 | Certificación Intrajurisdiccional |
|---|---|---|

RESOLUCIÓN

En San Juan, Puerto Rico a 5 de noviembre de 2016.

Examinada la *Moción de Reconsideración,* presentada el día de hoy en conjunto por el Comisionado Electoral del Partido Popular Democrático, el Comisionado Electoral del Partido Independentista Puertorriqueño y el Comisionado Electoral del Partido del Pueblo Trabajador, se declara **no ha lugar.**

Notifíquese **inmediatamente** por teléfono, correo electrónico y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez, la Juez Asociada señora Rodríguez Rodríguez, el Juez Asociado señor Feliberti Cintrón y el Juez Asociado señor Colón Pérez, reconsiderarían el dictamen emitido por este Tribunal por los fundamentos que expresaron en sus respectivas Opiniones Disidentes y expresiones emitidas en el caso de epígrafe. La Jueza Presidenta Oronoz Rodríguez, la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez se reservan el derecho a emitir sus respectivas ponencias conforme dispone la Regla 5(b) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 5(b).


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático

    Peticionario

        v.

Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista; Roberto I. Aponte Berríos, en su capacidad oficial como Comisionado Electoral del Partido Independentista Puertorriqueño y José F. Córdova Iturregui, en su capacidad oficial como Comisionado Electoral del Partido del Pueblo Trabajador

    Recurridos

---

Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista

    Peticionario

        v.

Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular

CT-2016-15

Democrático; Partido Independentista Puertorriqueño, por conducto de su Comisionado Electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui

Recurridos

Voto particular de conformidad emitido por el Juez Asociado señor Martínez Torres al cual se unió la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 14 de noviembre de 2016.

Dado que la compañera Juez Asociada señora Rodríguez Rodríguez opta por emitir expresiones que podrían minar la confianza pública en este Tribunal, me veo forzado a reaccionar para aclarar varios asuntos.

Lo primero que hay que explicar es el trámite interno que siguió este caso previo a que eventualmente se certificara la Sentencia que se nos pide que reconsideremos. El 28 de octubre de 2016, el Comisionado Electoral del Partido Nuevo Progresista presentó ante este Foro un recurso de certificación intrajurisdiccional y una moción urgente en auxilio de jurisdicción. En ese momento, conforme al trámite interno previamente acordado, ambos recursos se le asignaron a un miembro del Tribunal para que los evaluara e hiciera una

recomendación al Pleno del Tribunal sobre cómo proceder. Tras analizar esa recomendación, decidimos expedir los autos y emitir un remedio provisional en protección del interés público. Posteriormente, la Comisionada Especial que designamos rindió su informe y las partes presentaron sus respectivos alegatos.

Tras analizar esos escritos, el integrante de este Foro que emitió la recomendación inicial circuló un borrador de Opinión del Tribunal. No obstante, otro miembro de este Cuerpo circuló una Opinión particular en la que propuso un resultado distinto al sugerido en el borrador de Opinión del Tribunal. Esa Opinión particular obtuvo el aval mayoritario, por lo que el caso le fue reasignado a su autor. Una vez se completó esa gestión, se reformuló la Opinión particular como una Sentencia del Tribunal. Los Jueces que estaban en desacuerdo con el dictamen del Tribunal circularon sus respectivas Opiniones disidentes y concluido ese trámite, todas las ponencias se remitieron a nuestra Secretaría para su certificación y notificación.

Por lo tanto, no es correcta la aseveración de la Juez Asociada señora Rodríguez Rodríguez de que "sorpresivamente", y a última hora, la mayoría "cambió de parecer" y en vez de certificar una Opinión, certificó una Sentencia. Lo cierto es que el caso siguió el trámite interno habitual. No es extraño en este Tribunal que un Juez ponente no obtenga el aval de la mayoría de los miembros de este Foro y el caso se tenga que reasignar a

quien, desde la concurrencia o la disidencia, obtenga los votos necesarios para certificar su ponencia a nombre del Tribunal.

Sugerir que este trámite, de alguna forma, buscó beneficiar a un solo partido político es incorrecto y solo logra minar viciosamente la confianza del Pueblo en sus instituciones. El dictamen de este Foro salvaguardó el derecho al voto de cientos de electores activos de todas las ideologías políticas, que solicitaron emitir su sufragio por adelantado debido a que padecían de un impedimento de movilidad. Entre esos, se encontraban electores cuyas solicitudes de voto adelantado fueron impugnadas tanto por el Comisionado Electoral del Partido Popular Democrático como por el Comisionado Electoral del Partido Nuevo Progresista. Afortunadamente, gracias al dictamen de este Foro, prevaleció el derecho al voto y se fortaleció nuestro sistema democrático. Solamente en un mundo al revés es repudiable garantizar el derecho al voto de los electores hábiles.

Finalmente, se argumenta en el voto particular disidente de hoy que el recurso de certificación del Comisionado Electoral del Partido Nuevo Progresista no se perfeccionó y por eso no tenemos jurisdicción para atenderlo. Ese razonamiento parte de la premisa incorrecta de que el Comisionado Electoral del Partido Nuevo Progresista tenía la obligación de notificar a quienes la

Comisión Estatal de Elecciones no notificó adecuadamente a nivel administrativo.

La parte que recurre al tribunal solo tiene que notificar a quien la agencia administrativa notificó. Véase JP, Plaza Santa Isabel v. Cordero Badillo, 177 DPR 177 (2009). No podemos penalizar a las partes por los errores de las agencias administrativas, máxime cuando uno de los señalamientos principales a nivel del Tribunal de Primera Instancia fue, precisamente, la falta de notificación. De hecho, la regla en es que cuando una agencia notifica defectuosamente su dictamen, no priva de jurisdicción al tribunal para atender la revisión. Molini Gronau v. Corp. P.R. Dif. Púb., 179 DPR 674 (2010). ¿Por qué deberíamos hacer lo contrario? ¿Porque lo alega el Comisionado Electoral del Partido Popular Democrático? Recuérdese que la Comisión Estatal de Elecciones le notificó su resolución a muchos de los electores afectados cuando el caso ya se estaba litigando ante este Tribunal. En esa etapa, dejó sin remedio adecuado a esos electores y por eso este Foro tuvo que convalidar las solicitudes de voto adelantado cuestionadas.

Finalmente, me parece necesario expresarme respecto a la controversia que suscitó el hecho de que el Tribunal de Primera Instancia prorrogara el término que tenía el Comisionado Electoral de Partido Nuevo Progresista para notificar a las partes. Lo cierto es que cuando el foro primario concedió esa prórroga, creó en el Comisionado

Electoral del Partido Nuevo Progresista la impresión de que contaba con tiempo adicional para llevar a cabo las notificaciones requeridas por la Ley Electoral. Por lo tanto, aun bajo el supuesto de que el Tribunal de Primera Instancia no contase con justa causa para prorrogar el término en cuestión, el hecho de que lo hubiese hecho, sin lugar a dudas, creó la justa causa para que la parte notificara luego de transcurrido el término establecido para ello. Véase Soto Pino v. Uno Radio Group, 189 DPR 84 (2013). ¿Es que aquí no hay justa causa porque el Comisionado Electoral del Partido Popular Democrático alega que no hay?

En conclusión, lo que importa es que todos los electores hábiles -de todas las ideologías, afiliaciones e inclinaciones políticas- tuvieron la oportunidad de expresarse en las urnas. Lo hicieron hace una semana. Nadie duda de la legitimidad de esos comicios. Por eso mi exhortación a la disidencia es a que se calme. Las elecciones generales ya pasaron. Los votos ya se adjudicaron. Lo que nos corresponde a todos ahora es contribuir a que los ciudadanos tengan sosiego y confianza en que su decisión será acatada.


Rafael L. Martínez Torres

Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>        Peticionario<br><br>            v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones, Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño, (PIP); por conducto de su Comisionado Electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador, (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>        Recurridos | **Núm.** CT-2016-15 | Certificación Intrajurisdiccional |

Voto Particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 14 de noviembre de 2016

El sábado en la noche los Comisionados Electorales del Partido Popular Democrático, del Partido Independentista Puertorriqueño y del Partido del Pueblo Trabajador presentaron, en conjunto, una *Moción de reconsideración* del dictamen emitido por este Tribunal la noche del viernes, 4 de noviembre de 2016. En ese momento, la mayoría

insistió en certificar su denegatoria inmediatamente imposibilitando así que, quienes nos encontrábamos en desacuerdo con tal acción pudiéramos expresarnos en ese instante por escrito. En vista de ello, y ante esta inexplicable renuencia de la mayoría de posponer la certificación de su denegatoria **de sábado a las 9:00 p.m. a domingo a las 12:00 del mediodía**, nos vimos precisados a invocar lo dispuesto en la Regla 5(b) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B R. 5(b).[1]

Aprovecho entonces esta coyuntura para recalcar algunos de los desvaríos del dictamen emitido en este caso. Llamo la atención a la narrativa que la mayoría intenta transmitirle al lector de que lo que persigue su dictamen es beneficiar a **todos los partidos políticos** y salvaguardar el derecho al voto de **todos los votantes** independientemente de su afiliación política. Si eso fuera veraz y sincero, el dictamen emitido debió certificarse, tal y como se trabajó y se circuló inicialmente, como una Opinión y no como Sentencia. Me explico.

El juez ponente redactó el dictamen en este caso y lo circuló como una Opinión. La Opinión circulada recibió el aval de una mayoría de los miembros de este Tribunal. No fue hasta momentos previos a la certificación de la Opinión del Tribunal que, sorpresivamente, la mayoría cambió de

---

[1] La ponencia de epígrafe estaba lista para certificarse el lunes, 7 de noviembre de 2016. Sin embargo, algunos jueces del Tribunal se acogieron al término de cinco (5) días que provee la referida Regla 5(b) para "examinar" el escrito y expresarse sobre éste.

parecer y lo certificó como una Sentencia. Ese cambio desfigura el argumentario de que se trata de un dictamen que busca proteger los votos de todos los votantes.

De haberse certificado como Opinión, el dictamen emitido hubiese constituido un precedente y tendría efectos *erga omnes* y beneficiando a todos los electores que se encontrasen en la misma posición que los electores objetos del recurso ante nuestra consideración y que fueron representados por el Comisionado del Partido Nuevo Progresista. Y es que, como hemos dicho:

> Las normas, así como la interpretación de cualquier disposición legal, la establece este Tribunal mediante dictamen sostenido por una opinión o por una opinión per curiam, en la cual se consideran ampliamente las cuestiones envueltas y se fundamentan con razonamientos, precedentes explicados y tratadistas reconocidos. El Tribunal resuelve un caso por sentencia cuando el mismo plantea cuestiones reiteradamente resueltas por este Tribunal. Una sentencia no establece norma, y menos revoca una establecida. La sentencia es la forma que utiliza el Tribunal para disponer lo más rápidamente posible del enorme número de casos que tiene que resolver. Sólo intenta resolver la controversia entre las partes. Por eso es que los jueces de instancia no deben fundar sus fallos en dichas sentencias. *Figueroa Méndez v. Tribunal Superior*, 101 DPR 859, 862-863 (1974) (Voto Concurrente, Juez Asociado Dávila).

El cambio de Opinión a Sentencia tuvo el efecto de que el dictamen sólo beneficie a los electores objetos del recurso de certificación intrajurisdiccional exclusivamente. No cabe entonces atribuirse el manto de defensores del derecho al voto de todos los electores,

cuando quienes resultan beneficiados, principalmente, son los de un solo partido político. ¿No debería aplicarle a este Tribunal la misma restricción que la mayoría le fija a la Comisión Estatal de Elecciones (Comisión)? A saber, "[a] fin de cuentas, la [Comisión] no debe ser un banco con sucursales de los intereses de los partidos políticos, sino debe ser facilitador y depositario de la voluntad de **todos** los electores registrados". *Sentencia*, en la pág. 15.

Por otra parte, la mayoría en su dictamen concluye que la Comisión no notificó la *Resolución Enmendada CEE-RS-16-83* a todos los electores afectados, lo que supone que se les violó el debido proceso de ley. Y como resultado de una lógica tortuosa, se invalidan las gestiones de este Tribunal de designar una Comisionada Especial para recibir la prueba en este caso. En nuestra Opinión disidente demostramos lo artificioso del razonamiento mayoritario.

Si la mayoría fuese consistente, tendría que concluir que el Comisionado Electoral del P.N.P. no notificó su recurso de certificación intrajurisdiccional a los votantes afectados por lo que sin duda, nunca perfeccionó su recurso —nuevamente— privándonos de jurisdicción para atender su petición. Tal parece que existen varios tipos de reglas: unas, las flexibles y elásticas que sólo aplican al Comisionado Electoral del P.N.P. y otras, las rígidas que le aplican a los demás partidos políticos a pesar de que, jurídicamente, los valores y principios que animan a unas y animan a otras.

Todos somos conscientes de la centralidad de unas elecciones para nuestra democracia. Para que unas elecciones se aprecien como legítimas, es imprescindible que éstas se perciban como creíbles, justas, transparentes y válidas. Con nuestras acciones, los jueces no podemos contribuir a la suspicacia y el escepticismo sobre el proceso electoral, como tampoco debemos dar la impresión de que la balanza de la Justicia no se encuentra perfectamente equilibrada. Dictámenes como el de autos son caldo de cultivo para el recelo, el escepticismo y la desconfianza lo que acaba socavando los cimientos de nuestras instituciones.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático

Peticionario

v.

Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista; Roberto I. Aponte Berríos, en su capacidad oficial como Comisionado Electoral del Partido Independentista Puertorriqueño y José F. Córdova Iturregui, en su capacidad oficial como Comisionado Electoral del Partido del Pueblo Trabajador

Recurridos

CT-2016-15

Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista

Peticionario

v.

Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular

Democrático;          Partido
Independentista
Puertorriqueño,           por
conducto  de  su  Comisionado
Electoral   Sr.   Roberto   I.
Aponte Berríos; Partido del
Pueblo    Trabajador    por
conducto  de  su  Comisionado
Electoral    Dr.    José    F.
Córdova Iturregui

      Recurridos

Voto  particular  de  conformidad  emitido  por  el  Juez  Asociado
señor  Martínez  Torres  al  cual  se  unieron  la  Jueza  Asociada
señora  Pabón  Charneco  y  el  Juez  Asociado  señor  Rivera
García.

En San Juan, Puerto Rico, a 15 de noviembre de 2016.

     Se  enmienda  *nunc  pro  tunc*  mi  Voto  particular  de
conformidad de 14 de noviembre de 2016 a los únicos efectos
de hacer constar que el Juez Asociado señor Rivera García se
unió al mismo.

                                Rafael L. Martínez Torres
                                 Juez Asociado