ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>v.<br><br>STEPHAN ANTHONY MAYR<br><br>PETICIONARIO | KLCE202401075 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Criminal Núm.: NIVP202400303<br><br>Sobre: Tent. Art. 93 CP y otros |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece ante nosotros el señor Stephan Anthony Mayr (Sr. Mayr; peticionario), mediante el recurso de epígrafe y nos solicita que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI de Fajardo), el 2 de octubre de 2024, notificada el mismo día. Mediante esta, se declaró No Ha Lugar la moción de desestimación presentada por el peticionario.

Por los fundamentos que vamos a exponer, denegamos la expedición del auto de *certiorari*.

**I**

Por hechos acontecidos el 1 de abril de 2024, el Ministerio Público presentó, el 2 de abril de 2024, tres (3) denuncias contra el Sr. Mayr en la Región Judicial de Carolina, por la siguientes infracciones: infracción al Artículo 246 (E) de la Ley Núm. 146-2012, 33 LPRA sec. 5336, según enmendada, conocida como *Código Penal de Puerto Rico* (Código Penal de 2012), sobre resistencia u obstrucción a la autoridad pública; y, por la infracción de los Artículos 3.23 y 5.07 de la Ley Núm. 22-2000, 9 LPRA sec. 5073 y 9 LPRA sec. 5127, según enmendada, conocida como *Ley de*

*Vehículos y Tránsito de Puerto Rico* (Ley Núm. 22), sobre uso ilegal de licencia de conducir y conducir de forma imprudente o negligente.[1] El Tribunal de Primera Instancia, Sala Superior de Carolina (TPI de Carolina), encontró causa para arresto contra el peticionario por los delitos antes mencionados.

En específico, las denuncias leen como siguen:

Artículo 246 (E) del Código Penal de 2012, *supra*:

STEPHAN ANTHONY MAYR, en fecha y hora antes mencionada, en el Avenida Los Paseos Los Gigantes frente al Residencial Sabana Abajo en Carolina, Puerto Rico, que forma parte de la Jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala de Carolina, ilegal, a propósito y con conocimiento, resistió y obstruyó el ejercicio de la autoridad pública Policía Municipal de Carolina, al huir violentamente al ser intervenido por el PM Emmanuel José Bahamundi Requena, placa #074, quien un funcionario del orden público, consistente en que el imputado luego de ser intervenido por violación a la Ley 22, desobedeció las ordenes del Agente Bahamundi y huyó en el vehículo de motor marca Hyundai, modelo Accent, año 2022, tablilla KAU-851 a toda velocidad, iniciándose una persecución en Carolina que terminó en Fajardo.

HECHO CONTRARIO A LA LEY[2]

Artículo 3.23 A de la Ley Núm. 22, *supra*:

STEPHAN ANTHONY MAYR, en fecha y hora antes mencionada, en la avenida Los Paseos Los Gigantes frente al Residencial Sabana Abajo en Carolina, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala de Carolina, ilegal, a propósito y con conocimiento, conducía el vehículo de motor marca Hyundai, modelo Accent, año 2022, tablilla KAU-851, por la mencionada dirección, la cual es una vía pública de Puerto Rico, sin estar autorizado por el Hon. Secretario del Departamento de Transportacion y Obras Públicas.

HECHO CONTRARIO A LA LEY[3]

Artículo 5.07 de la Ley Núm. 22, *supra*:

STEPHAN ANTHONY MAYR, en fecha y hora antes mencionada, en el Avenida Los Paseos Los Gigantes frente al Residencial Sabana Abajo en Carolina, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala de Carolina, ilegal, a propósito y con conocimiento, conducía el vehículo de motor marca Hyundai, modelo Accent, año 2022, tablilla KAU-851, la cual es una vía pública de Puerto Rico, haciendo esto de forma imprudente o negligentemente temeraria, corriendo a

---

[1] Apéndice del recurso, págs.55-65. Véase, Caso Criminal Núm. F MG2024M0081, F TR2024-0236, F RT2024-0237.
[2] Apéndice del recurso, págs. 57-58.
[3] Apéndice del recurso, pág. 61.

alta velocidad, realizando cambios de carriles indebidos, sin tomar las debidas precauciones, rebasando los semáforos y transitando por el paseo.

HECHOS CONTRARIO A LA LEY[4]

Por otro lado, el 3 de mayo de 2024, el Ministerio Público presentó otras tres (3) denuncias contra el Sr. Mayr, en el TPI de Fajardo, por hechos también ocurridos el 1 de abril de 2024. En esa ocasión, el Ministerio Público presentó denuncias por violación al Artículo 15 de la Ley Núm. 8 de 5 de agosto de 1987, 9 LPRA sec. 3214, según enmendada, conocida como *Ley para la Protección de la Propiedad Vehicular* (Ley Núm. 8), sobre comercio ilegal de vehículos; por la infracción al Artículo 246 (A) del Código Penal, *supra*, sobre resistencia u obstrucción a la autoridad pública y; por violación al Artículo 93 (a) del Código Penal de 2012, 33 LPRA sec. 5142, sobre tentativa de asesinato.[5] De este modo, el foro primario de Fajardo solo encontró causa para arresto por la infracción al Artículo 15 de la Ley Núm. 8, *supra*. Sin embargo, surge del expediente que el TPI de Fajardo no encontró causa para arresto por los delitos del Artículo 93(a) y el Artículo 246 (A) del Código Penal, *supra*.[6]

Las denuncias presentadas en el TPI de Fajardo leen:

Artículo 15 de la Ley Núm. 8, supra:

El referido acusado, MYER STEPHAN ANTHONY, allá en o para el día, 1ro de abril de 2024, en Río Grande, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia Sala de Fajardo, ilegal, voluntaria, maliciosa, a sabiendas, criminalmente, a propósito y con conocimiento, POSEÍA el vehículo de motor, marca Hyundai, modelo Accent, año 2022, color rojo, con tablilla KAU-851, cuatro puertas, éste poseía el mismo y no le pertenecía. Dicho vehículo le pertenece a CHARLIE CAR RENTAL ubicado en Carolina y representado por el SR. JOSUÉ D. SALYER GONZÁLEZ, a sabiendas de que el mismo fue hurtado y obtenido de forma ilícita mediante apropiación ilegal. Dicho vehículo tiene un valor aproximado de $27,000.00 dólares. Cometido dicho acto sin el consentimiento de su dueño.

HECHO CONTRARIO A LA LEY[7]

---

[4] Apéndice del recurso, pág. 65.
[5] Apéndice del recurso, págs. 67-72. Véase Caso Criminal Núm. NSCI202400070.
[6] Apéndice del recurso, pág. 89.
[7] Apéndice del recurso, págs. 68-69

Artículo 246 (A) del Código Penal de 2012, *supra*:

El referido acusado, MYER STEPHAN ANTHONY, allá en o para el día, 1ro de abril de 2024, en Río Grande, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia Sala de Fajardo, ilegal, voluntaria, maliciosa, a sabiendas, criminalmente, a propósito, y con conocimiento, resistió y obstruyó el ejercicio de la autoridad pública, AGTE. ALFREDO NEGRÓN, placa 37099 adscrito al Distrito de Canóvanas; demorando y estorbando a este funcionario público en el cumplimiento de su deber y quien intentaba cumplir alguna de las obligaciones de su cargo. Consistente en que el Agte. Alfredo Negrón le dio al aquí acusado instrucciones mediante señas con ambas manos para que se detuviera y este haciendo caso omiso para no dejarse arrestar, haciendo resistencia y obstruyendo a la autoridad pública, continuó su marcha negligentemente y a velocidad acelerada en el vehículo de motor, marca Hyundai, modelo Accent, año 2022, color rojo, con tablilla KAU-581, cuatro puertas en dirección hacia donde se encontraba el agente quien intentando proteger su vida tuvo que echarse hacia la valla de seguridad que estaba en su lazo izquierdo. Poniendo en peligro su seguridad y la del funcionario público en el cumplimiento de su deber y de otras personas que se encontraban en los alrededores del lugar. De esta forma obstruyendo y demorando una intervención y la investigación de la Policía de Puerto Rico.

HECHO CONTRARIO A LA LEY[8]

Artículo 93 (a) del Código Penal de 2012, *supra*:

El referido acusado, MYER STEPHAN ANTHONY, allá en o para el día, 1ro de abril de 2024, en Río Grande, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia Sala de Fajardo, ilegal, voluntaria, maliciosa, a sabiendas, criminalmente, a propósito y con conocimiento, realizó actos inequívocos dirigidos a causarle la muerte al AGTE. ALFREDO NEGRÓN, 37099 adscrito al Distrito de Canóvanas. Consistente en que el aquí acusado, MYER STEPHAN ANTHONY, intentó arrollar al Agte. Alfredo Negrón cuando este le dio instrucciones mediante señas con ambas manos para que se detuviera. El aquí acusado hizo caso omiso continuando su marcha negligentemente y a velocidad acelerada en el vehículo de motor, marca Hyundai, modelo Accent, año 2022, color rojo, con tablilla KAU-851, cuatro puertas en dirección hacia donde se encontraba el agente quien intentando proteger su vida tuvo que echarse hacia la valla de seguridad que estaba a su lado izquierdo, sin que se consumara el delito pretendido por circunstancias ajenas a la voluntad del acusado. El perjudicado temiendo por su vida y seguridad.

HECHO CONTRARIO A LA LEY

Así las cosas, el 13 de agosto de 2024, luego de celebrado el juicio en su fondo, el TPI de Carolina declaró culpable a Anthony Mayr por la infracción al Artículo 5.07 de la Ley Núm. 22, *supra*, y al Artículo 246 del

---

[8] Apéndice del recurso, págs. 70-71.

Código Penal de 2012, *supra.*[9] No obstante, el referido foro primario no encontró culpable al peticionario por el delito del Artículo 3.23 de la Ley Núm. 22, *supra.*[10]

Posteriormente, el Ministerio Público acudió en alzada ante el TPI de Fajardo por el delito de tentativa de asesinato del Artículo 93 (a) del Código Penal, *supra.*[11] Ante ello, el 11 de septiembre de 2024, se celebró una vista de determinación de causa para arresto en alzada y el tribunal sentenciador de Fajardo determinó causa probable contra Anthony Mayr por dicho delito.[12]

El 24 de septiembre de 2024, el Sr. Mayr presentó ante el TPI de Fajardo una *Solicitud de Desestimación de la Vista Preliminar Disposición: Constitución de los Estados Unidos de Am[é]rica y Constitución del Gobierno de Puerto Rico Fundamentado en Crasa Violación al Derecho Constitucional Contra La Doble Exposición*. En esencia, el peticionario señaló que, el caso de autos versaba sobre un solo curso de acción, el cual había comenzado en la jurisdicción de Carolina y culminó en la jurisdicción de Fajardo. Asimismo, expresó que el peticionario fue sentenciado en el TPI de Carolina, pero comenzaron a celebrar un nuevo caso en el TPI de Fajardo como producto del mismo curso de acción. De esta forma, argumentó que, el Ministerio Público debió consolidar los delitos para evitar el fraccionamiento de las causas de acción y la autorización de múltiples juicios; ello en violación al derecho constitucional contra la doble exposición. Por su parte, surge del expediente que el Ministerio Público se opuso a dicha solicitud.

Luego de evaluada la solicitud de desestimación de la Vista Preliminar, el 2 de octubre de 2024, el TPI de Fajardo emitió una *Orden* en la que declaró No Ha Lugar la desestimación solicitada.[13]

---

[9] Apéndice del recurso, págs. 73-74. Véase Caso Criminal Núm. F MG2024M0081 y F TR2024-0237.
[10] Apéndice del recurso, págs. 75-76. Véase Caso Criminal Núm. F TR2024-0236.
[11] Apéndice del recurso, pág. 89.
[12] Apéndice del recurso, págs. 89.
[13] Apéndice del recurso, págs. 1-2.

Inconforme, el 4 de octubre de 2024, Anthony Mayr presentó ante este Tribunal de Apelaciones un *Urgente Auxilio de Jurisdicción y Paralización de Procedimientos*. En ese mismo día, emitimos una *Resolución* en la cual paralizamos los procedimientos en el Caso Criminal Núm. NIV202400303, ante el TPI de Fajardo. Igualmente, la parte peticionaria presentó su petición de *Certiorari* ante nosotros. Mediante este, la imputó al TPI de Fajardo la comisión del siguiente error:

> ERR[Ó] EL HONORABLE TRIBUNAL SUPERIOR DE FAJARDO, SALA DE VISTA PRELIMINAR AL NO DESESTIMAR LAS DENUNCIAS, AL AMPARO DE TODA LA EVIDENCIA PRESENTADA EN APOYO DE LA DOCTRINA DE IMPEDIMENTO COLATERAL POR SENTENCIA. M[Á]XIME, CUANDO EL HONORABLE TRIBUNAL DE FAJARDO, NO PRESENT[Ó] ARGUMENTACIÓN SUSTANTIVA ALGUNA PARA DECLARAR NO HA LUGAR LA MISMA.

Con el beneficio de la comparecencia de ambas partes, podemos resolver.

**II**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Esta discreción, ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia*, *supra*, pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:

A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

**B.**

La Quinta Enmienda de la Constitución federal de los Estados Unidos establece lo siguiente: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Enmda. V, Const.

EE.UU., LPRA, Tomo 1. Además, el Tribunal Supremo Federal ha pautado lo siguiente:

> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. *Green v. United States*, 355 US 184, 187-188 (1957); J. G. Cook, *Constitutional Rights of the Accused*, 3rd. ed., 2014, sec 29:1, (West).

Asimismo, el Tribunal Supremo Federal ha señalado que la cláusula contra la doble exposición protege "against a second prosecution for the same offense after acquittal. **It protects against a second prosecution for the same offense after conviction**. And it protects against multiple punishments for the same offense." (Énfasis nuestro.) *Brown v. Ohio*, 432 US 161, 165 (1977), que cita a *North Carolina v. Pearce*, 395 US 711 (1969). Además, esta cláusula aplica a los estados a través de la Décimo Cuarta Enmienda federa. *Brown v. Ohio*, *supra*.

Por su parte, la Constitución de Puerto Rico establece que "nadie será puesto en riesgo de ser castigado dos veces por el mismo delito." Art. II, Sec. 11, Const. PR, LPRA, Tomo 1. Asimismo, se ha expresado el Tribunal Supremo de Puerto Rico, como sigue:

> El objetivo general dimanante de esta disposición es evitar que el Estado, con todos sus recursos y poderes, abuse de su autoridad y hostigue a un ciudadano con múltiples procedimientos al intentar conseguir su convicción por la comisión **de una misma conducta delictiva**. También tiene el propósito de proteger al ciudadano de vivir ansioso e inseguro en la incertidumbre de que, aun siendo inocente, pueda ser encontrado culpable en cualquier ocasión. Más aún, impide que el Estado tenga una segunda oportunidad para presentar prueba y que tome ventaja de la información obtenida en el primer juicio en cuanto a las fortalezas y las debilidades del caso. Sin duda, la Cláusula de Doble Exposición constituye una barrera a que concedamos al Estado la ocasión del proverbio "'second bite at the apple'". (Énfasis nuestro). *Pueblo v. Toro Martínez*, 200 DPR 834, 843 (2018).

La garantía constitucional contra la doble exposición se activa en los siguientes escenarios: 1) la ulterior exposición tras la absolución de la persona por la misma ofensa; 2) la ulterior exposición tras la condena por

la misma ofensa; 3) la ulterior exposición tras la exposición anterior por la misma ofensa, porque comenzó el juicio, aunque no culminó en la absolución ni en la condena del acusado, y 4) los castigos múltiples por la misma ofensa. *Pueblo v. Santiago*, 160 DPR 618, 628 (2003).

Además, para que se active este precepto constitucional, se tienen que cumplir los siguientes requisitos: 1) los procedimientos celebrados contra el acusado tienen que ser de naturaleza penal; 2) que se haya iniciado o celebrado un primer juicio bajo un pliego acusatorio válido y en un tribunal con jurisdicción y; 3) el segundo proceso al cual se somete al individuo tiene que ser **por el mismo delito por el cual ya fue convicto**, absuelto o expuesto. *Pueblo v. Sánchez Valle et al.,* 192 DPR 594, 602 (2015)*; Pueblo v. Santos Santos,* 189 DPR 361 (2013)*; Pueblo v. Santiago, supra; Pueblo v. Martínez Torres,* 126 DPR 561 (1990)*.* Ahora bien, en cuanto al requisito de la misma conducta delictiva, este se ha extendido a situaciones en donde en el segundo proceso se refiere a un delito menor o mayor incluido en el delito que se imputó en el segundo proceso*. Pueblo v.* Santiago, *supra.*

De este modo, el Tribunal Supremo de Puerto Rico ha señalado lo siguiente:

> De acuerdo con esta norma, el mismo acto, o la transacción, constituye una violación de dos disposiciones legales distintas si cada disposición penal infringida requiere prueba de un hecho adicional que la otra no exige.

> En otras palabras, esa norma 'exige que el tribunal compare [las] definiciones [de los delitos] para así verificar que cada uno requiera, a lo menos, un elemento que el otro no requiere. Si esto se da, entonces puede castigarse por más de un delito'. Resaltamos, sin embargo, que 'si la definición de uno de los delitos incorpora todos los elementos que exige la definición del otro, entonces se trata de un solo delito, en la medida en que el segundo constituye un delito 'menor incluido'. (Citas omitidas). *Pueblo v. Sánchez Valle et al., supra*, pág. 603.

Igualmente, para que un delito se considere como un delito menor incluido, se requiere lo siguiente:

> '…debe estar comprendido en el mayor por el cual se le acusa y que los hechos expuestos para describir la comisión del delito mayor deben contener las alegaciones que son esenciales para constituir una imputación por el menor. Si el delito mayor incluye todos los elementos de hecho y los

requeridos por la Ley en relación con el menor, el mayor incluye al menor; pero si el delito menor requiere algún otro elemento indispensable que no es parte del delito mayor entonces el menor no está comprendido en el mayor. La prueba para determinar si un delito está incluido en otro es determinar si no se puede cometer el primer delito sin que necesariamente se cometa el segundo'. *Pueblo v. Soto Molina*, 191 DPR 209, 219 (2014).

**C.**

Para que se configure la defensa de cosa juzgada se tiene que cumplir con los requisitos siguientes: (1) una primera sentencia válida, la cual advino final y firme que adjudicó los hechos y resolvió la controversia en los méritos; (2) las partes en ambos juicios deben ser las mismas; (3) era la misma controversia objeto en cada juicio; (4) que el remedio que se solicita sea análogo al que se pidió en el caso anterior; y, por último, (5) que las partes en ambos litigios comparezcan en la misma calidad. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 221-225 (2012).

En resumen, la doctrina de cosa juzgada requiere que entre el caso resuelto mediante sentencia y en el caso en que se invoca concurra la más perfecta identidad entre las cosas, causas, personas litigantes y la calidad en que lo fueron. *Pérez Droz v. A.S.R.*, 184 DPR 313, 317 (2012). Véase, además, *Méndez v. Fundación*, 165 DPR 253, 267 (2005). Cuando se cumplen estos requisitos no procede dilucidar nuevamente los méritos de la controversia que se encuentra ante la consideración del tribunal.

De la doctrina de cosa juzgada emana el impedimento colateral por sentencia. Este último se diferencia de la doctrina de cosa juzgada al no requerir que las controversias objeto del litigio sean las mismas. *Presidential v. Transcaribe*, 186 DPR 263, págs. 276-277 (2012). La doctrina de impedimento colateral "**surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque**

**estén involucradas causas de acción distintas**". (Énfasis nuestro.) *Id.*, pág. 277, que cita a *Beníquez et al. v. Vargas et al., supra.*

El impedimento colateral tiene como propósito promover la economía procesal y judicial, proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones tratándose de la misma controversia, evitar litigios innecesarios y decisiones inconsistentes. *Beníquez et al. v. Vargas et al., supra*; *Méndez v. Fundación*, *supra*. No obstante, no procede la interposición de la mencionada doctrina cuando la parte contra la cual se interpone no ha tenido la oportunidad de litigar previamente el asunto y no ha resultado ser la parte perdidosa en el litigio anterior. *Id.*

Se han reconocido dos modalidades de la figura del impedimento colateral por sentencia: la ofensiva y la defensiva. En la modalidad ofensiva, un demandante le impide al demandado litigar otra vez los asuntos que previamente litigó y perdió frente a otra parte. En cambio, la modalidad defensiva surge cuando un demandado impide a un demandante que litigue otra vez asuntos que previamente litigó y perdió frente a otra parte. *Méndez v. Fundación, supra.*

### D.

El concurso de delitos atiende las situaciones en las que "una misma persona comete, mediante uno o más actos, varias ofensas, las cuales son valoradas y juzgadas conjuntamente en el mismo procedimiento judicial." En ese caso, el concurso de delitos determinará "cuál es la pena que mejor refleja la gravedad del hecho y la culpabilidad de la persona." *Pueblo v. DiCristina Rexach*, 204 DPR 779, 790 (2020). Asimismo, la conducta que viole uno o varios delitos será importante para considerar **el modo en que se acusará a la persona y la pena a imponerle**. D. Nevares Muñiz, *Derecho Penal Puertorriqueño: Parte General*, 7ma ed. rev., San Juan, Instituto para el Desarrollo del Derecho Inc., 2015, pág. 335. En fin, el concurso de delitos nos permite acusar y obtener convicciones por todos los delitos, pero su propósito es regular la

determinación de la pena. A. Bermúdez Torres, *Delitos Especiales en Puerto Rico: Análisis de los Tipos Delictivos, Interrogatorios y Testimonios de Base*, San Juan, LexJuris de Puerto Rico, 2022, pág. 7.

El Artículo 71 del Código Penal de 2012, 33 LPRA sec. 5104, regula lo concerniente al concurso de delitos. El referido articulo establece que:

**(a) Concurso ideal y medial de delitos: Cuando sean aplicables a un hecho dos o más disposiciones penales, cada una de las cuales valore aspectos diferentes del hecho, o cuando uno de éstos es medio necesario para realizar el otro, se condenará por todos los delitos concurrentes, pero sólo se impondrá la pena del delito más grave.**

**(b) Concurso real de delitos: Cuando alguien haya realizado varios delitos que sean juzgados simultáneamente, cada uno de los cuales conlleva su propia pena, se le sentenciará a una pena agregada, que se determinará como sigue:**

(1) Cuando uno de los delitos conlleve pena de reclusión de noventa y nueve (99) años, ésta absorberá las demás.
(2) Cuando más de uno de los delitos conlleve reclusión por noventa y nueve (99) años, se impondrá además una pena agregada del veinte (20) por ciento por cada víctima.
(3) En los demás casos, se impondrá una pena para cada delito y se sumarán, no pudiendo exceder la pena agregada del veinte (20) por ciento de la pena para el delito más grave. (Énfasis nuestro.) *Id.*

Como se desprende del referido artículo, el concurso de delito puede ocurrir mediante tres supuestos: concurso ideal, concurso medial y el concurso real. *Pueblo v. DiCristina Rexach*, *supra*.

Por su parte, el concurso ideal se refiere al caso en donde una misma conducta infringe dos o más disposiciones penales. Nevares Muñiz*, Derecho Penal Puertorriqueño: Parte General. op. cit.*, pág. 340; Véase, además, O. E. Miranda Miller, *Derecho Penal Sustantivo*, 82 Rev. Jur. UPR 377, 395 (2013).[14] Así pues, no será suficiente acusar por un

---

[14] Señala la profesora Dora Nevares Muñiz que los incisos (a) y (b) del Artículo 71, sobre concurso ideal y concurso real, tienen procedencia en el Artículo 78 y 79 del Código Penal de 2004. Nevares Muñiz, *Derecho Penal Puertorriqueño: Parte General, op. cit.*, pág. 341, 345. Véase, además, *Pueblo v. DiCristina Rexach*, *supra*. Por tanto, su jurisprudencia interpretativa es persuasiva. Añadimos, también, que el Tribunal Supremo de Puerto Rico ha señalado que "los estudiosos del tema diferencian el concurso ideal heterogéneo del concurso ideal homogéneo. El concurso ideal heterogéneo se configura cuando un hecho transgrede dos o más delitos distintos. Por su parte, en el concurso ideal homogéneo se viola el mismo tipo penal varias veces." (Citas omitidas) *Pueblo v.*

solo delito, sin embargo, "dado que las diversas violaciones son producto de una misma conducta, solamente se sanciona al imputado con la pena del delito más grave." *Pueblo v. Álvarez Vargas*, 173 DPR 587, 593 (2008); L. E. Chiesa Aponte, *Derecho Penal Sustantivo*, 2da. ed., Publicaciones JTS, 2013, pág. 73. Un ejemplo del concurso ideal es cuando una persona falsifica la firma de otra persona en un documento jurado, por lo que se trata de un acto único, pero concurren los delitos de falsificación y perjurio. D. Nevares Muñiz, *Las Penas en el Nuevo Código Penal: A Cinco Años de su Vigencia*, 79 (Núm. 4) Rev. Jur. UPR 1130, 1150 (2010).

Los requisitos para que se configure el concurso ideal son: 1) **unidad de hecho**; 2) violación de varias disposiciones penales, o de una misma disposición penal varias veces y; 3) **unidad de resolución, propósito o intención**. Nevares Muñiz, *Derecho Penal Puertorriqueño: Parte General*, *op. cit.*, pág. 341; Miranda Miller, *supra*.

Por otro lado, y en lo pertinente al caso ante nuestra consideración, el concurso real se refiera a "aquellas situaciones en las **que varias unidades de conducta violan la misma ley o normas penales distintas**." (Énfasis nuestro.) *Pueblo v. DiCristina Rexach*, *supra*, pág. 790 citando a *Pueblo v. Álvarez Vargas*, *supra*. Es decir, se trata de "[v]arias unidades de conducta que se suceden una a otra con intervalos más o menos largos, pero juzgadas en conjunto, pueden violar la misma ley o diversas leyes". H. Silving, Elementos constitutivos del delito, San Juan, Ed. Universitaria, 1976, pág. 180 citando en *Pueblo v. Acevedo Maldonado*, 193 DPR 270, 274 (2015) (Sentencia). En otras palabras, "el actor comete con cada uno de sus actos un delito distinto y separado del otro." Chiesa Aponte, *op. cit.*, pág. 72. Ejemplo del concurso real es cuando una persona hace explotar una bomba y mata dos personas o el conductor que impacta a tres personas en un mismo acto. Nevares Muñiz,

---

*Rivera Cintrón*, 185 DPR 484, 500 (2012). No obstante, sostiene nuestra alta Curia que "en nuestra jurisdicción, el concurso ideal homogéneo se trata como uno real." Id.

*Las Penas en el Nuevo Código Penal: A Cinco Años de su Vigencia, supra*, pág. 1151.

La diferencia entre el concurso ideal y el concurso real estriba en la **unidad de acción en el concurso ideal y la pluralidad de acción en el concurso real**. J. P. Mañalich Raffo, *El Concurso De Delitos: Bases Para Su Reconstrucción En El Derecho Penal De Puerto Rico*, 74 Rev. Jur. UPR 1021, 1027 (2005). En cuanto al concurso ideal, lo decisivo será que la violación de los delitos haya sido bajo un **mismo acto**. Chiesa Aponte, *op. cit.*, pág. 73. De otra parte, para que se configure el concurso real, no es necesario que las unidades delictivas ocurran simultáneamente, por lo que podrán ser independientes entre sí. *Pueblo v. Álvarez Vargas*, *supra*, citando H. Silving, *op. cit.*, pág. 18 (En la nota al calce #6).

El único factor que conecta a las diversas acciones punibles en el concurso real, "es el hecho de que no están separadas entre sí por condenas". *Id.*, De ese modo, las penas de cada ofensa deben sumarse y acumularse hasta un tope máximo determinado por ley. *Pueblo v. Acevedo Maldonado*, *supra*, pág. 276.

Igualmente, el Tribunal Supremo de Puerto Rico ha señalado que para poder aplicar el concurso de delito real será necesario: (1) la identidad de sujeto activo; (2) la comisión por ese sujeto de varios delitos independientes entre sí; (3) **un juicio simultáneo según las Reglas de Procedimiento Criminal**; y, (4) que una disposición especial no prohíba la formación de la pena agregada*. Pueblo v. DiCristina Rexach*, *supra*, pág. 792; *Pueblo v. Acevedo Maldonado*, *supra*, pág. 275; *Pueblo v. Álvarez Vargas*, *supra*, págs. 599–600.

La profesora Nevárez Muñiz señala que la doctrina penal civilista trata el concurso real "como una figura procesal que requiere que se juzgue al actor en un mismo proceso por todos los delitos que cometió". Nevares Muñiz, *Derecho Penal Puertorriqueño: Parte General, op. cit.*, pág. 344 citada con aprobación en *Pueblo v. Rivera Cintrón*, 185 DPR 484, 502 (2012). Así pues, el concurso real dispone para el

procesamiento simultaneo de delitos. D. Nevares Muñiz, *Código Penal de Puerto Rico Comentado*, 4ta ed. rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2019, pág. 126. De este modo, el requisito de que los delitos sean juzgados conjuntamente incorpora un elemento procesal. *Pueblo v. Álvarez Vargas*, *supra*. Para cumplir con el requisito de juicio simultáneo, no se requiere que los delitos acumulados surjan de un núcleo común de actos punibles, **basta con que se configuren los requisitos para la acumulación de delitos en un solo proceso, según lo dispuesto por la Regla 37 de Procedimiento Criminal**, 34 LPRA Ap. II., R.37. *Id.*[15]

En lo pertinente, la Regla 37 de Procedimiento Criminal, dispone como sigue:

> (a) En la misma acusación o denuncia se podrán imputar dos o más delitos, en cargos por separado para cada uno de ellos, si los delitos imputados fueren de igual o similar naturaleza, o hubieren surgido del mismo acto o transacción, o de dos o más actos o transacciones relacionadas entre sí o que constituyeren partes de un plan común. Las alegaciones de un cargo podrán incorporarse en los demás cargos por referencia. *Id*.

La Regla 37(a) de Procedimiento Criminal, *supra*, autoriza la acumulación de delitos contra un acusado, en cargos separados, cuando: 1) sean de igual o similar naturaleza; 2) surjan del mismo acto o transacción; 3) surjan de dos o más actos o transacciones relacionadas entre sí, o 4) sean parte de un plan común. *Pueblo v. Álvarez Vargas*, *supra*, págs. 595-596.

Ciertamente, el propósito de la acumulación de delitos es la economía procesal. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 418 (2022). En ese sentido, nuestro más alto foro ha señalado, que la acumulación de delitos es la mejor práctica. *Fuentes Morales v. Tribunal Superior*, 102 DPR 705, 707 (1974). Sin embargo, "**la Regla 37(a), supra, no le impone al fiscal la obligación de acumular en un solo proceso todos los delitos cometidos por un mismo acusado, aun cuando éstos**

---

[15] Véase, además, Regla 89 (acumulación de causas), Regla 90 (separación–potencial perjuicio al acusado) y Regla 179 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 37(a), 89, 90, 179.

**surjan del mismo acto o transacción.**" *Pueblo v. Álvarez Vargas*, *supra*, pág. 596. Tanto el fiscal como el acusado pueden solicitar la acumulación o separación mediante una moción debidamente fundamentada, la cual debe presentarse con veinte (20) días de antelación al juicio y notificarse a la otra parte. *Id.* No obstante, el tribunal puede acogerla en otro momento antes que el caso sea llamado para juicio. *Id.* Véase, además, Regla 89 de Procedimiento Criminal, 34 LPRA Ap. II., R. 89.

Así pues, el Tribunal Supremo de Puerto Rico ha señalado que para acumular o no varios delitos cometidos por una persona, se deben tomar en consideración los siguientes factores: (1) **la discreción del fiscal**; (2) la economía procesal, **a juicio del tribunal**; (3) los beneficios o perjuicios a las partes; y (4) los posibles problemas de doble exposición que puede presentar la separación. *Pueblo v. Álvarez Vargas*, *supra*, pág. 599.

Por otro lado, el Artículo 72 del Código Penal de 2012 regula los efectos del concurso de delitos para fines del procesamiento. 33 LPRA sec. 5105; Nevares Muñiz, *Derecho Penal Puertorriqueño: Parte General*, *op. cit.*, pág., 347. Dicho artículo establece que:

> En los casos provistos por el Artículo anterior, se juzgarán por todos los delitos concurrentes.
>
> **La absolución o sentencia bajo alguno de ellos impedirá todo procedimiento judicial por el mismo hecho, bajo cualquiera de las demás.**
>
> Un acto criminal no deja de ser punible como delito por ser también punible como desacato. (Énfasis nuestro.) Artículo 72 del Código Penal de 2012, *supra*.

Según la profesora Nevares Muñiz, el Artículo 72 del Código Penal de 2012, *supra*, regula los efectos del concurso de delitos **para fines del procesamiento**. Nevares Muñiz, *Código Penal de Puerto Rico Comentado*, *op. cit.*, pág. 128. La segunda oración tiene el propósito de ofrecerle una protección adicional al acusado puesto que la protección constitucional contra la doble exposición es muy débil por razón de lo que se entiende por el "mismo delito u ofensa". *Id.*; *Pueblo v. Rivera Cintrón*, *supra*; Véase, además, Informe positivo, P. del S. 2021 Com. Conjunta de

la Asamblea Legislativa para la Revisión Continua del Código Penal y para la Reforma de la Leyes Penales: Senado, 20 de junio de 2011, 5ta Ses. Ord., 16ta Asam. Leg., pág. 68. Ahora bien, el Artículo 72, *supra*, **solo se activa cuando hay concurso de delitos o si los mismo son acumulables**. Nevares Muñiz, *Código Penal de Puerto Rico Comentado*, *op. cit.*, pág. 128.

**III**

El peticionario nos señala que el TPI de Fajardo incidió al no desestimar las denuncias ya que estaba impedido por la doctrina de impedimento colateral por sentencia. Es decir, plantea que los hechos por los que se presentaron cargos en el TPI de Fajardo son producto del mismo curso de acción del caso que se ventiló en el TPI de Carolina. De este modo, señala que era obligación del Ministerio Público consolidar todos los delitos de forma concurrente.

Surge del caso ante nuestra consideración que por hechos ocurridos el 1 de abril de 2024, el Sr. Mayr fue declarado culpable por el TPI de Carolina por la infracción al Artículo 5.07 de la Ley Núm. 22, *supra*, y por la infracción al Artículo 246 del Código Penal de 2012, *supra*. Asimismo, se desprende del caso de epígrafe que el peticionario enfrenta cargos en el TPI de Fajardo, por el mismo curso de acción, ya que alegadamente infringió el Artículo 15 de la Ley Núm. 8, *supra*, y el Artículo 93 (a) del Código Penal, *supra*.

Ciertamente, en este caso, al tratarse de un mismo curso de acción que violentó varias disposiciones penales, pudiera aplicar el concurso real dispuesto en el Artículo 71 (b) del Código Penal de 2012, *supra*. Sin embargo, para poder aplicar el concurso de delitos es necesario que se lleve a cabo un juicio simultáneo. *Pueblo v. DiCristina Rexach*, *supra*. De esa forma, será necesario que se configuren los requisitos para la acumulación de delitos en un solo proceso, según lo dispuesto por la Regla 37 de Procedimiento Criminal, *supra*. No obstante, el Tribunal Supremo de Puerto Rico ha señalado que "**la Regla 37(a), supra, no le**

**impone al fiscal la obligación de acumular en un solo proceso todos los delitos cometidos por un mismo acusado, aun cuando éstos surjan del mismo acto o transacción.**" *Pueblo v. Álvarez Vargas*, *supra*.

Ante ello, no encontramos en este caso que se haya solicitado la acumulación de delitos por el Ministerio Público, conforme a la Regla 37 (a) de Procedimiento Criminal, *supra*. Así pues, no habiendo acumulación de delitos para que se aplicara el concurso real, no se activa tampoco la protección que establece el Artículo 72 del Código Penal de 2012, *supra*. Nevares Muñiz, *Código Penal de Puerto Rico Comentado*, *op. cit.*, pág. 128.

Por otro lado, en este caso tampoco se activa la protección constitucional contra la doble exposición. Para que se active dicha protección, el segundo proceso al que se somete al individuo tiene que ser **por el mismo delito por el cual ya fue convicto, absuelto o expuesto**. *Pueblo v. Sánchez Valle*, supra. No cabe duda de que en este caso se le denunció al peticionario por delitos distintos, que no contienen elementos similares del delito y que no están incluidos unos dentro de los otros. Igualmente, en este caso tampoco se nos ha puesto en posición de aplicar la doctrina de impedimento colateral por sentencia.

Evaluado el presente recurso, determinamos que no nos encontramos bajo alguna de las instancias en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que nos permita intervenir con el dictamen recurrido. Ante la ausencia de perjuicio, pasión, parcialidad y error de derecho no procede la expedición del recurso de *certiorari*.

Por lo tanto, determinamos que no se amerita nuestra intervención en esta etapa de los procedimientos.

**IV**

Por los fundamentos antes expuestos, denegamos el auto de *certiorari,* se deja sin efecto la paralización de los procedimientos y se

devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Fajardo, para la continuación de los procedimientos.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones